Matilda SCOTT, on behalf of herself and all others similarly situated, Plaintiff–Appellee,

v.

Sherwood A. JONES; Jones & Jones, Defendants–Appellants.

No. 91–2557.

United States Court of Appeals, Fourth Circuit.

Argued Feb. 3, 1992.

Decided May 6, 1992.

---

## OPINION

ERVIN, Chief Judge:

The plaintiff-appellee, Matilda Scott, brings this class action against Sherwood Jones and his law firm, Jones & Jones, for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* Jones argues that he is not a "debt collector" within the meaning of the FDCPA. We agree with the district court that Jones falls within the plain meaning of the FDCPA definition of "debt collector" and, accordingly, affirm the district court's ruling.

### I.

Sherwood Jones is an attorney practicing in Richmond, Virginia. For several years, Jones has been retained by Central Fidelity Bank ("CFB") and Investors Savings Bank to represent their bank card divisions in lawsuits based on delinquent credit card accounts. In February 1990, Jones filed suit in the General District Court for the City of Richmond against Matilda Scott, a resident of Lynchburg, Virginia, to recover the balance past due on Scott's credit card account with CFB. Scott had applied for a CFB credit card at the Lynchburg branch office of the bank. Venue in Richmond was proper under state law.

Scott objected to the Richmond venue under the FDCPA, which states, in relevant part, "Any debt collector who brings any legal action on a debt against any consumer shall ... bring such action only in the judicial district or similar legal entity—(A) in which such consumer signed the contract sued upon; or (B) in which such consumer resides at the commencement of the action." 15 U.S.C. § 1692i(a). Jones agreed to transfer the case to Lynchburg General District Court, and CFB ultimately dropped the case and forgave Scott's debt.

Scott filed a purported class action against Jones and his law firm, Jones & Jones, seeking imposition of civil liability, as authorized by 15 U.S.C. § 1692k, for violation of the FDCPA venue provision. Scott requested, on behalf of herself and

the class: actual damages, statutory damages, attorney's fees and injunctive relief. Jones asserted the affirmative defense that he was not a "debt collector" as defined in the FDCPA, and therefore was not in violation of that statute. On crossmotions for partial summary judgment on this issue, the district court found for Scott, ruling that Jones was a "debt collector" under the FDCPA. On June 11, 1991, this court granted Jones' motion for an interlocutory appeal of the district court's ruling, pursuant to 28 U.S.C. § 1292(b).

## II.

■ The venue restrictions of 15 U.S.C. § 1692i apply only to legal actions initiated by "debt collectors," as defined in the FDCPA. According to that statute:

> The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6). The court below found that the foregoing definition was clear without reference to extraneous interpretive guidance and ruled that Jones' conduct satisfied both of the alternative prongs of the definition.

■ We agree with the district court's conclusion that the "principal purpose" of Jones' business was the collection of debts. Deposition testimony revealed that at least 70–80% of Jones' legal fees were generated in relation to legal work performed toward the collection of debts. Equally persuasive

is the district court's conclusion that Jones regularly attempted to collect debts "indirectly," as outlined in the second prong of the "debt collector" definition. The "regularity" is shown by the sheer volume of Jones' business. Jones filed approximately 4,000 warrants per year between 1983 and 1987, and while the number declined in recent years, the practice continued to constitute a significant portion of his business.

We do not accept Jones' argument that he was engaged in the practice of law, not the collection of debts. We find this to be an artificial distinction. No matter what name is applied to Jones' activities, it is clear that the "principal purpose" of his work was the collection of debt. Likewise, we concur with the district judge that, at the very least, the filing of warrants constitutes an "indirect" means of debt collection. We reach this conclusion both from a common sense construction of the statutory language, and from the simple fact that, in the FDCPA itself, Congress chose to regulate the venue of debt related court actions alongside other, more direct, methods of debt collection.

We, like the district court, find the statutory language defining "debt collector" for purposes of the FDCPA to be clear and unambiguous and, therefore, decline to consider Jones' arguments relating to the legislative history of the provision. *See United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989) ("where, as here, the statute's language is plain, 'the sole function of the courts is to enforce it according to its terms.'" (quoting *Caminetti v. United States,* 242 U.S. 470, 37 S.Ct. 192, 61 L.Ed. 442 (1917))).[1] We acknowledge

---

1. Jones contends that the legislative history of the FDCPA reveals that Congress only intended to regulate "traditional debt collection activities" such as the transmittal of dunning letters and other forms of direct contact with debtors. As evidence, he points to the fact that the FDCPA originally contained a complete exemption for attorneys. When the statute was amended in 1986, Jones contends that Congress only intended to make attorneys liable under the statute to the same extent as other non-lawyer debt collectors. The House of Representatives Report on the amendment shows that the primary concern of the Banking, Finance and Urban Affairs

Committee, which reported on the proposed legislation, was the unfair advantage accorded to attorneys who could legally engage in the same abusive practices that were proscribed for non-lawyer debt collectors. *See* H.R.Rep. No. 99–405, 99th Cong., 1st Sess., 1–7, *reprinted in* 1986 U.S.C.C.A.N. 1752. In addition, one of the sponsors of the legislation, Rep. Annunzio, speaking on the floor of the House after the passage of the bill, stated, "Only collection activities, not legal activities, are covered by the Act.... The act applies to attorneys when they are collecting debts, not when they are performing tasks of a legal nature." 132 Cong.Rec. H 10031 (1986).

that there is no absolute rule against use of extrinsic aids to statutory interpretation, even in the face of facially unambiguous statutory language. *See Train v. Colorado Public Interest Research Group, Inc.,* 426 U.S. 1, 10, 96 S.Ct. 1938, 1942, 48 L.Ed.2d 434 (1976). Nevertheless we find that the statutory language of the FDCPA is sufficiently clear, and the legislative history sufficiently sparse, that the legislative history has relatively little persuasive weight in comparison to the plain meaning of the statute.

Similarly, Jones argues that this court is bound by the Federal Trade Commission ("FTC") interpretation of the meaning of "collection of debt" as used in the FDCPA. The FTC's position has been that only "[a]ttorneys or law firms that engage in traditional debt collection activities (sending dunning letters, making collection calls to consumers) are covered by the FDCPA.... The term [debt collector] does not include ... [a]n attorney whose practice is limited to legal activities (e.g., the filing and prosecution of lawsuits to reduce debts to judgment)." "Federal Trade Commission, Statements of General Policy or Interpretation, Staff Commentary on the Fair Debt Collection Practices Act," 53 Fed.Reg. 50,-097, 50,100–02 (1988). The FTC's interpretation is based on the legislative history of the statute (*see* discussion *supra,* n. 1) purportedly indicating that Congress did not mean, by repealing the attorney exception, to extend the range of activities proscribed by the FDCPA. The FTC confirmed its position in a letter addressed specifically to Jones, who, concerned about his status under the FDCPA, had directly solicited the FTC's advice. A staff attorney of the FTC's Bureau of Consumer Protection, Division of Credit Practices, informed Jones:

> We find neither of these sources to be sufficiently probative regarding Congressional intent to override the express provisions of the statute.

**2.** The letter did conclude by cautioning Jones, "The views expressed in this letter reflect an informal staff opinion that is binding neither upon the Commission nor upon a court." J.A. at 298.

According to your description of your practice, you initiate collection suits against debtors on behalf of your client and represent your client in any ensuing litigation. You indicate that you engage in no pre-litigation collection efforts on behalf of your client. Attorneys whose practice involves only the kind of legal services traditionally provided by attorneys, not collection activities traditionally performed by debt collectors, are not debt collectors within the meaning of the Act and thus are not subject to the Act's requirements.

J.A. at 297–98 (footnote omitted).[2]

■■■ We decline to adopt the FTC's position. Under the teachings of *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984), "if the statute is silent or ambiguous with respect to the specific issue," a court should defer to a reasonable administrative interpretation of the statute. *Id.* at 843, 104 S.Ct. at 2782. As we held above in our discussion of the legislative history, we believe that the plain language of the provision defining "debt collector" for purposes of the FDCPA is unambiguous. The FTC's interpretation, which would place Jones outside that definition despite the clear evidence that the "principal purpose" of his business is the collection of debt, runs counter to the plain meaning of the statutory language. We cannot defer to an agency interpretation that defeats an express Congressional command. *See, e.g., Estate of Thompson v. Commissioner,* 864 F.2d 1128, 1134 (4th Cir.1989). Thus, we hold that an attorney performing exclusively legal tasks is not, on that basis alone, precluded from being considered a "debt collector" under the FDCPA. *Cf. Crossley v. Lieberman,* 868 F.2d 566 (3rd Cir.1989) (holding attorney liable for violation of the FDCPA).[3]

**3.** Jones distinguishes *Crossley* on the grounds that, in that case, the attorney personally contacted the debtor, demanding repayment of the debt. It is unclear from the *Crossley* opinion whether the court relied upon this fact, or whether the attorney's purely legal activities related to debt collection would have sufficed to meet the "debt collector" definition. Regardless of how the *Crossley* opinion is interpreted, we discern nothing in the opinion that contradicts

### III.

In sum, we hold that the statutory definition of "debt collector" is sufficiently clear to avoid recourse to the legislative history of the statute. Furthermore, we hold that the FTC's interpretation of the definition is in conflict with the unambiguous text of the statute, and accordingly, we decline to adopt that interpretation. Under the plain meaning of the statute, the district court's conclusion that Jones was a "debt collector" and, therefore, subject to the venue provisions of the FDCPA, was a correct finding of law. The district court's grant of partial summary judgment in favor of Scott is hereby

AFFIRMED.

our holding that an attorney can be considered a "debt collector" exclusively on the basis of his legal activities.