Deborah HOYDAL, Plaintiff,

v.

**PRIME OPPORTUNITIES, INC., f/k/a Adult Career Training, and Aaron Jade, Defendants.**

No. 94–70310.

United States District Court, E.D. Michigan, Southern Division.

June 23, 1994.

---

John C. Eidt, Southfield, MI, for plaintiff.

Mary Cauley, Plunkett Cooney, Detroit, MI, for defendants.

### MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

GADOLA, District Judge.

Plaintiff Deborah Hoydal is seeking recovery of damages from defendants for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968.[1] Defendant Aaron Jade has filed a motion to dismiss or, in the alternative, a motion for summary judgment, based upon his contention that plaintiff lacks standing to assert a RICO claim. Pursuant to Local Rule 7.1(e)(2) (E.D.Mich. Jan. 1, 1992), the court will dispense with oral argument and decide the motion on the briefs. For the reasons discussed below, the court will grant defendant's motion to dismiss.

### I. Background

Plaintiff Deborah Hoydal was an employee and purchasing director of defendant Prime Opportunities, Inc. from September 1989 until January 1993. Defendant Aaron Jade is the primary stockholder and officer of Prime Opportunities. Plaintiff claims that she was directed by Jade to fraudulently promise vendors that they would be paid for the goods delivered to Prime Opportunities, when in fact, Jade never intended to make any such payment. Instead, Jade hoped to keep the business going by ordering supplies on credit. Plaintiff contends that because she believed that what Jade was doing was illegal, she resigned from the company in order to avoiding breaking the law and because of the stress caused by the circumstances.

Plaintiff claims that Jade's conduct constitutes a pattern of racketeering activities by which she was injured through her constructive, wrongful discharge. Defendant Jade claims that plaintiff lacks standing under RICO to recover for her injuries. As a result, Jade has filed a motion to dismiss or, in the alternative, a motion for summary judgment. In addition, Jade has requested that the court grant him Rule 11 sanctions for plaintiff counsel's advocacy of a non-cognizable claim.

### II. Standard of Review

Upon a motion to dismiss pursuant to Fed. R.Civ.P. 12(b)(6), all allegations in the complaint are to be accepted as true and construed in favor of the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *United States v. Mississippi,* 380 U.S. 128, 143, 85 S.Ct. 808, 816, 13 L.Ed.2d 717 (1965).

The court's inquiry is limited to whether the challenged pleadings set forth allegations sufficient to make out the elements of a right to relief. *Windsor v. The Tennessean,* 719 F.2d 155, 158 (6th Cir.1983), *cert. denied,* 469 U.S. 826, 105 S.Ct. 105, 83 L.Ed.2d 50 (1984); *Great Lakes Steel v. Deggendorf,* 716 F.2d 1101, 1105 (6th Cir.1983). The complaint should not be dismissed unless it appears without doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v.*

---

1. Plaintiff originally filed this action in the Oakland County Circuit Court claiming damages for wrongful discharge, failure to maintain a safe work environment, intentional infliction of emotional distress, and RICO. Defendants removed the action pursuant to 28 U.S.C. § 1446. In a prior order, the court remanded plaintiff's state law claims to the circuit court, but retained jurisdiction over Count IV, the RICO claim.

*Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Lee v. Western Reserve Psychiatric Habilitation Ctr.,* 747 F.2d 1062, 1065 (6th Cir.1984).

### III. Analysis

#### A. Standing Under RICO

Plaintiff contends that she has standing to sue under RICO because she was injured by defendant's fraudulent conduct. Defendant Jade claims, however, that plaintiff's injury was merely an incidental consequence of the racketeering activity, and thus is not cognizable as a claim under the statute.

Under 18 U.S.C. § 1964(c), Congress allows for private lawsuits to be filed by "[a]ny person injured in his business or property by reason of a violation" of RICO. In *Sedima v. Imrex Co.,* 473 U.S. 479, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985), the Supreme Court delineated the standing requirements under RICO as follows:

> [T]he plaintiff only has standing if, and can only recover to the extent that, he has been injured in his business or property by the conduct constituting the violation.... "A defendant who violates [RICO] is not liable for treble damages to everyone he might have injured by other conduct, nor is the defendant liable to those who have not been injured."

*Id.* at 496–97, 105 S.Ct. at 3285 (citations omitted). In addition, the Court stated that "the compensable injury necessarily is the harm caused by predicate acts sufficiently related to constitute a pattern." *Id.* at 497, 105 S.Ct. at 3285.

In following this guidance from the Supreme Court, the Sixth Circuit requires in a RICO claim based upon wrongful discharge that a plaintiff "demonstrate that his discharge was not merely incidental to, but directly caused by a defendant's alleged RICO violations." *Kramer v. Bachan Aerospace Corp.,* 912 F.2d 151, 155 (6th Cir.1990) (citing *Grantham & Mann, Inc. v. American Safety Prods., Inc.,* 831 F.2d 596, 606 (6th Cir.1987); *Bender v. Southland Corp.,* 749 F.2d 1205, 1216 (6th Cir.1984)). In *Kramer,* the court held that an employee who was fired allegedly because he was threatening to expose his employer's illegal scheme did not have standing to sue under RICO. *Id.* at 155–56. Similarly, in *Warren v. Manufacturers Nat'l Bank,* 759 F.2d 542 (6th Cir. 1985), the Sixth Circuit found no standing where an officer of a victim corporation sought to sue under RICO for his loss of employment as a result of defendant bank's fraudulent acts directed at the victim corporation. The court held that though a plaintiff's "loss of employment might be characterized in one sense to be a consequence of defendant's conduct, it hardly can be said to have been directly 'caused' by the asserted conduct." *Id.* at 545.

■ Given the unambiguous guidance provided by the Sixth Circuit, the court finds that plaintiff has failed to state a claim upon which relief can be granted. Plaintiff does not have standing to assert a RICO claim against defendants. Defendant Jade's allegedly fraudulent conduct was directed at the outside vendors, not plaintiff. The injuries she suffered, her discharge and the stress, were merely incidental to Jade's alleged RICO violations. The injuries were not the direct result of the predicate acts, but rather, were the associated consequences. As a result, plaintiff does not have standing to bring her RICO claim.

#### B. Rule 11 Sanctions

■ Defendant's motion to dismiss also requests that the court grant him sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure because plaintiff's counsel has gone forward with his RICO claim even though it is not supported by law. According to Rule 11(c)(1)(A), however, a "motion for sanctions under this rule shall be made separately from other motions." Because defendant's motion for sanctions was included in his motion to dismiss, the court will deny defendant's motion for sanctions as it is not in compliance with Rule 11.

#### *ORDER*

**THEREFORE, IT IS HEREBY ORDERED** that defendant Aaron Jade's motion to dismiss is **GRANTED.** Plaintiff's com-

plaint is **DISMISSED** with prejudice as to all defendants.

**IT IS FURTHER ORDERED** that defendant's request for sanctions is **DENIED.**

**SO ORDERED.**