32 F.3d 86
 Windell Darnell MABE, Plaintiff-Appellant,
v.
G.C. SERVICES LIMITED PARTNERSHIP, Defendant-Appellee.
Jimmy WEDDLE, Plaintiff-Appellant,
v.
G.C. SERVICES LIMITED PARTNERSHIP, Defendant-Appellee.
Alfred CHRISTIAN, Jr., Plaintiff-Appellant,
v.
G.C. SERVICES LIMITED PARTNERSHIP, Defendant-Appellee.
Larry BACH, Plaintiff-Appellant,
v.
G.C. SERVICES LIMITED PARTNERSHIP, Defendant-Appellee.
 Nos. 94-1154 to 94-1157.
 United States Court of Appeals,
Fourth Circuit.
 Argued June 8, 1994.
Decided Aug. 5, 1994.
 
 ARGUED: Sherry Lee Wilson, Client Centered Legal Services of Southwest Virginia, Inc., Castlewood, VA, for appellants. John Ray Alford, Jr., Caskie & Frost, Lynchburg, VA, for appellee.
 Before RUSSELL and MICHAEL, Circuit Judges, and JACKSON, United States District Judge for the Eastern District of Virginia, sitting by designation.
 Affirmed by published opinion. Judge RUSSELL wrote the opinion, in which Judge MICHAEL and Judge JACKSON joined.
 OPINION
 DONALD RUSSELL, Circuit Judge:
 
 
 1
 This case requires us to decide whether child support payments are "debts" encompassed within the scope of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. Secs. 1692-1692o. The district court held that they are not, and dismissed the case for lack of jurisdiction. For the reasons stated, we affirm the district court's decision.
 
 I.
 
 2
 The Commonwealth of Virginia and G.C. Services Limited Partnership ("GCS") entered into a contract under which GCS agreed to collect delinquent child support payments that had been assigned to Virginia by families who were receiving Aid to Families with Dependent Children ("AFDC") benefits from Virginia.[1] In collecting the debts from appellants, GCS sent letters to appellants asking them to pay immediately the past due balance on their child support obligations.
 
 
 3
 Appellants filed separate complaints in the district court, alleging that GCS's collection letters violated the FDCPA. GCS filed motions to dismiss each complaint for lack of subject matter jurisdiction. The district court consolidated the four cases for purposes of the hearing on the motions to dismiss. In an opinion dated January 6, 1994, the district court held that the obligation to pay child support assigned to the Commonwealth of Virginia is not a "debt" as defined by the FDCPA. The court accordingly granted GCS's motion to dismiss the consolidated action. Appellants appeal the district court's order dismissing the consolidated action.
 
 II.
 
 4
 Congress enacted the FDCPA to protect consumers from unfair debt collection practices. Carroll v. Wolpoff & Abramson, 961 F.2d 459, 460 (4th Cir.), cert. denied, --- U.S. ----, 113 S.Ct. 298, 121 L.Ed.2d 222 (1992); 15 U.S.C. Sec. 1692(e). Consequently, a threshold requirement for application of the FDCPA is that the prohibited practices are used in an attempt to collect a "debt." The term "debt" is defined in the FDCPA as:
 
 
 5
 any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.
 
 
 6
 15 U.S.C. Sec. 1692a(5).
 
 
 7
 The case law interpreting this section of the FDCPA is sparse. At least two courts of appeals, however, have held that the type of "transaction" which creates a "debt" under the FDCPA is one in which "a consumer is offered or extended the right to acquire 'money, property, insurance, or services' which are 'primarily for household purposes' and to defer payment," Zimmerman v. HBO Affiliate Group, 834 F.2d 1163, 1168-69 (3d Cir.1987). Bloom v. I.C. Sys., Inc., 972 F.2d 1067, 1068 (9th Cir.1992) (holding that the FDCPA applies only to "consumer debts" incurred "primarily for personal, family, or household purposes"); Staub v. Harris, 626 F.2d 275, 278 (3d Cir.1980) (holding that "at a minimum, the [FDCPA] contemplates that the debt has arisen as a result of the rendition of a service or purchase of property or other item of value").
 
 
 8
 In the instant case, the appellants' child support obligations arose out of an administrative support order issued by Virginia's Department of Social Services ("DSS"). These obligations, therefore, do not qualify as "debts" under the FDCPA because they were not incurred to receive consumer goods or services. Rather, the DSS imposed these obligations upon appellants to force them to fulfill their parental duty to support their children. Because the obligations at issue herein are not "debts" governed by the FDCPA[2], there was no federal question raised in the instant case. The decision of the district court is hereby
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 Federal regulations require that all recipients of AFDC assign to the state any rights to support they might have. 45 C.F.R. Sec. 232.11(a)(1)
 
 
 [2]
 Appellants contend that the FDCPA does apply to the debts at issue because GCS agreed in its contract with Virginia to be bound by the terms of the FDCPA. We disagree. A private contract cannot create federal question jurisdiction simply by reciting a federal statutory standard. Oliver v. Trunkline Gas Co., 796 F.2d 86, 89-90 (5th Cir.1986) ("We are aware of no case in which any court, let alone the Supreme Court, has held that a private contract can give rise to federal-question jurisdiction simply by 'incorporating' some federal regulatory standard that would not have been binding on the parties by its own force."). We accordingly reject appellants' contention