Richard BATTYE, Plaintiff,

v.

CHILD SUPPORT SERVICES, INC., Defendant.

No. 94 C 5520.

United States District Court, N.D. Illinois, Eastern Division.

Nov. 30, 1994.

**104**

Richard L. Lucas, Richard L. Lucas & Associates, Ltd., Addison, IL, for plaintiff.

Michael D. Sher, Jonathan Ward Dudas, Neal, Gerber & Eisenberg, Chicago, IL, for defendant.

*MEMORANDUM OPINION AND ORDER*

ASPEN, District Judge:

Plaintiff Richard Battye brings this two count action alleging violations of the Fair Debt Collection Practices Act and intentional infliction of emotional distress. Presently before the court is defendant Child Support Services, Inc.'s motion to dismiss the complaint. For the reasons set forth below, defendant's motion to dismiss Count I is granted, and Count II is remanded to the Circuit Court of DuPage County.

## I. Background

Defendant Child Support Services, Inc. ("CSSI") is a debt collection agency incorporated in the State of Illinois. In December, 1993, CSSI sent plaintiff Richard Battye a letter, informing him that he owed $17,180, apparently for overdue child support payments.[1] Battye alleges that CSSI subsequently contacted him several times by telephone, and both harassed him and threatened legal action. Battye filed the present action in the Circuit Court of DuPage County, alleging violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, *et seq.* and a state law claim of intentional infliction of emotional distress. CSSI removed the case to this court, and filed the present motion to dismiss.

## II. Motion to Dismiss Standard

■ A motion to dismiss should not be granted unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *see also Beam v. IPCO Corp.,* 838 F.2d 242, 244 (7th Cir.1988); *Ellsworth v. City of Racine,* 774 F.2d 182, 184 (7th Cir.1985), *cert. denied,* 475 U.S. 1047, 106 S.Ct. 1265, 89 L.Ed.2d 574 (1986). We take the "well-pleaded allegations of the complaint as true and view them, as well as reasonable inferences therefrom, in the light most favorable to the plaintiff." *Balabanos v. North Am. Inv. Group, Ltd.,* 708 F.Supp. 1488, 1491 n. 1 (N.D.Ill.1988) (citing *Ellsworth* ).

## III. Discussion

■ The Fair Debt Collection Practices Act ("FDCPA") was enacted in 1977 to "eliminate abusive debt collection practices by

1. Although Battye does not explicitly identify the source of the alleged debt, it is clear from his complaint. Specifically, Battye alleges that CSSI represented that it "was authorized to monitor and collect purported arrearages arising from *unpaid child support,"* and that it had court approval in "attempting to collect the purported support arrearages...." Furthermore, CSSI notes the ambiguity in its memorandum in support of the motion to dismiss, and proceeds on the assumption that the alleged debt arose out of overdue child support payments. In his response, Battye has not contested this reading of

his complaint; on the contrary, he has, at least implicitly, embraced it. And although we likewise proceed and rule based upon this assumption, we note that Battye's failure to clearly identify the source and nature of the alleged debt is alone a basis to dismiss his FDCPA claim. *See Arnold v. Truemper,* 833 F.Supp. 678 (N.D.Ill. 1993) ("[P]laintiff's complaint fails to properly allege facts that the alleged 'debt' and the parties to this action, much less their conduct, are covered by the FDCPA. Therefore, the court finds *that the complaint fails to state a claim under the* FDCPA.").

debt collectors," in significant part because "[e]xisting laws and procedures for redressing these injuries [were] inadequate to protect consumers." 15 U.S.C. § 1692(e) & (b). Its scope, however, is limited. The Act defines "debt" as follows:

any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes....

15 U.S.C. § 1692a(5). It is therefore necessary that the plaintiff allege and prove both that he acted as a consumer in incurring the alleged obligation, and that the alleged obligation arose out of a transaction, in order to fall within the ambit of the Act. Although there are few reported cases addressing this portion of the Act, their discussion of the section's requirements is instructive. For example, in *Zimmerman v. HBO Affiliate Group*, 834 F.2d 1163 (3d Cir.1987), the court noted that the FDCPA was enacted as an amendment to the Consumer Credit Protection Act, 15 U.S.C. § 1601 *et seq.*, and concluded that

the type of transaction which may give rise to a "debt" as defined in the FDCPA, is the same type of transaction as is dealt with in all other subchapters of the Consumer Credit Protection Act, *i.e.*, one involving the offer or extension of credit to a consumer. Specifically it is a transaction in which a consumer is offered or extended the right to acquire "money, property, insurance, or services" which are "primarily for household purposes" and to defer payment.

*Id.* at 1168–69; *see also Bloom v. I.C. Sys., Inc.*, 972 F.2d 1067, 1068 (9th Cir.1992) (concluding that the FDCPA applies only to "consumer debts," and considering "the purpose for which the credit was extended" in order to determine the nature of the debt) (quotations omitted); S.Rep. No. 382, 95th Cong.,

1st Sess., at 3 (1977), *reprinted in* 1977 U.S.C.C.A.N. 1695, 1697 (FDCPA intended to apply "only. to debts contracted by consumers for personal, family, or household purposes").

Relying upon these cases, the Fourth Circuit recently rejected a claim identical to the one advanced by the plaintiff in the present case. In *Mabe v. G.C. Services Ltd. Partnership*, 32 F.3d 86 (4th Cir.1994), the plaintiffs had allegedly failed to pay their respective child support obligations. The defendant entered into a contract to collect those payments on behalf of the Commonwealth of Virginia, which had been assigned the right to receive the payments by the plaintiffs' families, which were instead receiving welfare benefits from the state. The plaintiffs objected to the actions taken by defendant, and filed a lawsuit alleging violations of the FDCPA. The district court dismissed the complaint, holding that the obligation to pay child support is not a "debt" within the meaning of the Act. On appeal, the Fourth Circuit affirmed:

In the instant case, the appellants' child support obligations arose out of an administrative support order issued by Virginia's Department of Social Services ("DSS"). These obligations, therefore, do not qualify as "debts" under the FDCPA because they were not incurred to receive consumer goods or services. Rather, the DSS imposed these obligations upon appellants to force them to fulfill their parental duty to support their children.

*Id.* at 88. We see no reason to differ with the Fourth Circuit's well-reasoned conclusion.[2] Battye's child support obligations were not incurred as a "consumer," nor do they arise out of a "transaction" in which Battye obtained credit in order to pay for personal goods or services; instead, his obligation to support his children exists simply because his children exist. Battye's obligation to fulfill his parental duties therefore

---

**2.** Battye argues that *Mabe* is distinguishable because the government of Virginia, and not the custodial parents, was attempting to collect the deficient payments. We find this argument utterly unconvincing. The court in *Mabe* focused, as do we, on the occurrence giving rise to the alleged debt and the nature of the alleged debt, rather than the party seeking payment. In both cases, the alleged debt at issue is identical: delinquent child support payments. Accordingly, reliance upon *Mabe* is appropriate.

does not constitute a debt within the meaning of the FDCPA, and, as a result, CSSI is not subject to its proscriptions in this case. Accordingly, we dismiss Count I of Battye's complaint. And as we have dismissed the sole federal claim present in Battye's complaint, we decline to exercise jurisdiction over the remaining claim pursuant to 28 U.S.C. § 1367(c), and instead remand the case to the Circuit Court of DuPage County.

## IV. Conclusion

For the reasons set forth above, Count I of the complaint is dismissed, and Count II is remanded to the Circuit Court of DuPage County. It is so ordered.