Esther NANCE, et al., Plaintiffs,

v.

PETTY, LIVINGSTON, DAWSON, & DEVENING, et al., Defendants.

Civ. A. No. 94–0042–L.

United States District Court,
W.D. Virginia,
Lynchburg Division.

Dec. 21, 1994.

Malissa Lambert Giles, Giles & Lambert, P.C., Roanoke, VA, for plaintiffs.

Ralph Edwin Burnette, Jr., Edmunds & Williams, P.C., Lynchburg, VA, for defendants.

**MEMORANDUM OPINION**

KISER, Chief Judge.

Plaintiffs, three individuals and one couple, have sued defendants, a law firm and a partner in that firm, Henry C. Devening, under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq., alleging violations of the Act. Plaintiffs complain of two specific actions taken by defendants. First, on defendant firm's stationery, Devening wrote plaintiffs on behalf of his client, Mountain Spring Village Subdivision Homeowners Association, on May 6, 1993, to collect unpaid dues. These dues consisted of assessments they allegedly owed the subdivision for repairs and maintenance of a common road. (Plaintiffs were residents of the subdivision and members of the homeowners association.) Three plaintiffs allege that defendants further violated the Act by sending them a second letter on or after June 9, 1993, containing a civil warrant allegedly filed with the state court. This Court has jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). The parties are now before me on defendants' joint motion to dismiss. The issues have been fully briefed and argued,[1] and this motion is ripe for disposition. For the reasons discussed below, I will grant defendants' motion.

The defendants labeled this a motion to dismiss under Rule 12(b)(6), but presented matters outside of the complaint for my consideration. Under Rule 12(b), I may treat this motion as one for summary judgment under Rule 56, and, because plaintiff did not object, I will do so. Under Rule 56, then, I must consider the evidence in the light most favorable to the nonmoving party and may grant summary judgment only where there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Shaw v. Stroud,* 13 F.3d 791, 798 (4th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 67, 130 L.Ed.2d 24 (1994).

---

1. Because of problems with service of process on defendants, I had entered no pretrial order in this case, and plaintiffs were therefore not required to, nor did they, file a written response to defendants' motion. They did fully articulate their objections to defendants' motion at oral arguments, however.

Defendants make a variety of arguments in support of their motion to dismiss but I need only consider the first two because they are dispositive. Defendants argue that the Fair Debt Collection Practices Act does not apply to them because they are not "debt collectors" under the Act, 15 U.S.C. § 1692a(6); nor were they trying to collect "debts," § 1692a(5). First, the Act defines "debt collector" as one who is engaged in a business the principal purpose of which is to collect debts or one who regularly collects or attempts to collect debts. In *Scott v. Jones,* 964 F.2d 314, 316 (4th Cir.1992), volume was a critical factor in determining that the defendant regularly collected debts and it is dispositive here. *Accord Crossley v. Lieberman,* 868 F.2d 566, 569–70 (3d Cir.1989). Defendant Devening avers that debt collecting cases made up only .61% of his practice January 1, 1992, to June 1, 1993. He avers that debt collection made up only 1.07% of the firm's cases over the same period. The only contrary evidence offered by plaintiffs are the collection actions complained of here. Even including these actions, the volume here is more similar to *Mertes v. Devitt,* 734 F.Supp. 872, 874 (W.D.Wis.1990) (attorney not a debt collector where debt collecting practice made up less than 1% of total practice) than *Scott v. Jones,* 964 F.2d at 316 (70% to 80% of firm's legal fees from debt collecting practice, including filing of warrants as indirect means of collection). Therefore, I find as a matter of law that defendants are not debt collectors under the statute.

Second, plaintiffs do not dispute that the "debt" collected here was an assessment made by plaintiffs' subdivision for maintaining a private road. Defendants argue that this obligation falls outside of the Act because it did not arise out of a transaction which was "primarily for personal, family, or household purchases." 15 U.S.C. § 1692a(5). Most recently, the Fourth Circuit took a similarly narrow view and excluded from the definition of "debt" obligations that "were not incurred to receive consumer goods or services." *Mabe v. G.C. Services Limited Partnership,* 32 F.3d 86, 88 (4th Cir.1994) (holding that child support payments are not "debts" within the meaning of the Act). I agree with defendants, and, following *Mabe,* will not expand the definition of "debt" to include the kind of special assessment made here, a nonconsumer debt.