Arnold v. Tyus 















IN THE
TENTH COURT OF APPEALS
 

No. 10-94-349-CV

Â Â Â Â Â JIM ARNOLD D/B/A ARNOLD AIR,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â JAMES TYUS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the 77th District Court
Freestone County, Texas
Trial Court # 92-361-A
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

O P I N I O N
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â James Tyus took his airplane to Jim Arnold to have the engine overhauled and for its annual
inspection. While Arnold had the plane, its wing was damaged in a wind storm. They agreed that
Arnold would repair the wind damage at no charge with parts provided by Tyus. Arnold did so
and then completed the work originally agreed on. Tyus retrieved the plane but never paid
Arnold. Arnold sued for the balance due, $2,787, and attorney's fees.
Â Â Â Â Â Â Tyus filed a counterclaim alleging (1) Arnold was negligent in allowing the plane to be
damaged; (2) the original agreement provided for a maximum cost of $5,000; (3) he had paid
$7,656 and was entitled to a refund of $2,656; (4) he was further damaged because Arnold was
holding the plane's "engine data plate" and the plane could not be certified as being "airworthy"
without the plate; and (5) he was damaged when Arnold's attorney violated the Fair Debt
Collection Practices Act (FDCPA). He also sought attorney's fees.
Â Â Â Â Â Â When the case was tried, the jury found:
Â Â Â Â Â Â â¢Â Â Â Â Tyus did not comply with his agreement with Arnold;
Â Â Â Â Â Â â¢Â Â Â Â $2,787 would compensate Arnold for the repairs;
Â Â Â Â Â Â â¢Â Â Â Â Arnold's reasonable and necessary attorney's fees were $0;
Â Â Â Â Â Â â¢Â Â Â Â The wind damage to the plane was not caused by an act of God;
Â Â Â Â Â Â â¢Â Â Â Â Arnold's negligence was a proximate cause of the damage;
Â Â Â Â Â Â â¢Â Â Â Â The difference in the market values of the plane "immediately before and after the
necessary repairs were made" was "$5,000 more (approx)."
Â Â Â Â Â Â â¢Â Â Â Â Arnold's debt collector did not give pertinent notices to Tyus;
Â Â Â Â Â Â â¢Â Â Â Â Arnold's debt collector did not bring the suit in the judicial district in which Tyus
resided;
Â Â Â Â Â Â â¢Â Â Â Â $287 would compensate Tyus for his damages; and
Â Â Â Â Â Â â¢Â Â Â Â Tyus' reasonable and necessary attorney's fees were $0.
The court entered a judgment awarding Tyus $2,500 and ordering Arnold to deliver the engine
data plate to Tyus' attorney.
Â Â Â Â Â Â Arnold's motion to reform the judgment was denied. On appeal, he asserts that the court
erred in (1) entering judgment on the finding that Tyus was damaged "$5,000 more (approx.)";
(2) submitting questions about Arnold's debt collector's actions; and (3) failing to disregard the
jury's answers to the same questions because they are not supported by the evidence.
DAMAGE FINDING
Â Â Â Â Â Â Arnold points to jurors' affidavits filed with his motion to reform the judgment, which he says
reveal the intent of the jury when it answered the damage question. The affidavits state that the
jury was considering "all of the repairs" and that the jurors would have answered "zero" had they
"fully understood the question." The affidavits conclude: "It was certainly not our intent to find
that the aircraft was worth $5000.00 LESS after the necessary repairs." Based on these affidavits
and the nature of the jury's answer, Arnold asks us to reform the judgment to disregard the
damage finding and award him $2,787 for the overhaul repairs or grant a new trial.
Â Â Â Â Â Â The question submitted, i.e., the difference in the market values of the plane before and after
the repairs, is immaterial to any damages Tyus may have suffered as a result of Arnold's
negligence in connection with the wind storm. The correct inquiry would have asked the jury to
determine the difference in the market values of the plane immediately before and after the wind
storm. The affidavits of the jurors show that they were misled by the incorrect inquiry, thus
leading to an ambiguous verdict. As we have previously stated: "The verdict . . . should be the
end and not the continuation of the controversy." See Wanda Petroleum Co. v. Reeves, 385
S.W.2d 688, 692 (Tex. Civ. App.âWaco 1964, writ ref'd n.r.e.) (quoting Northern Texas
Traction Co. v. Armour & Co., 116 Tex. 176, 179, 288 S.W.2d 145, 146 (1926) and holding that
an ambiguous verdict provided no basis for judgment). Following our decision in Wanda, we will
reverse the judgment and remand the cause for a new trial. See id.
DEBT COLLECTION
The term "debt collector" means any person who uses any instrumentality of interstate
commerce or the mails in any business the principal purpose of which is the collection of any
debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or
due or asserted to be owed or due another.
15 U.S.C. Â§ 1692a(6) (West Supp. 1995). Whether an attorney is a "debt collector" is a fact
issue. Id; Scott v. Jones, 964 F.2d 314, 316 (4th Cir. 1992) (upholding a finding that an attorney
was a "debt collector" when 70-80% of his practice was collection of debts). Arnold asserts that
the record contains no evidence that the attorney who communicated with Tyus was either (a)
engaged in a business whose principal purpose was the collection of debts or (b) a person who
regularly collects or attempts to collect debts. The attorney testified that he was a prosecutor who
engaged in a "very limited private practice."
Â Â Â Â Â Â The questions submitted to the jury did not inquire whether the attorney was a "debt
collector"âthey assumed that he was. In light of Arnold's objection to the submission of the
series of questions and of the limited evidence about the attorney's activities in debt collection, we
believe that on retrial the court should, if the evidence warrants it, submit a question about the
attorney's status as a "debt collector" as a threshold question.
CONCLUSION
Â Â Â Â Â Â Having found error in the judgment, we remand the cause for a new trial.
Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â BILL VANCE
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Before Chief Justice Thomas,
Â Â Â Â Â Â Â Â Â Â Justice Cummings, and
Â Â Â Â Â Â Â Â Â Â Justice Vance
Reversed and remanded
Opinion delivered and filed August 31, 1995
Do not publish



>

TOM
GRAY

Chief Justice

Before Chief Justice Gray,

   Justice
Vance, and

Â Â Â Â Â  Justice Reyna

Opinion
delivered and filed September 29, 2004

Affirmed

Do
not publish

[CR25]