Lexta TAYLOR, et al., Plaintiffs,

v.

MOUNT OAK MANOR HOMEOWNERS
ASSOCIATION, INC., et al.,
Defendants.

No. Civ. AW 98–598.

United States District Court,
D. Maryland,
Southern Division.

May 22, 1998.

Roy Robert Morris, Carr, Morris & Graeff, PC, Washington, DC, for Barbara Taylor.

Allan A. Noble, James Allen Kaffenbarger, Jr., Budow and Noble, Bethesda, MD, for Mount Oak Manor Homeowners Ass'n, Inc.

Jack A. Gould, Eccleston and Wolf, Washington, DC, for Palmieri & Palmieri, P.C.

### MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS

DAY, Unites States Magistrate Judge.

Before the Court is defendants' Palmieri and Palmieri, P.C. and Mount Oak Manor Homeowners Association, Inc.'s Motions to Dismiss ("Defendants' Motions"). The Court has reviewed Defendants' Motions, as well as the opposition and reply memoranda thereto. The Court also held a hearing by telephone conference on May 21, 1998, and allowed for oral argument by counsel. The Court hereby DENIES Defendants' Motions.

Plaintiffs Lexta and Barbara Taylor are owners of real property in Mitchellville, Maryland. Through their ownership, they are members of the Mount Oak Manor Homeowners Association, Inc. ("the Association"). The Association is authorized to and did in fact assess annual maintenance fees against all of its members. These fees are required to be paid on a quarterly basis for a number of services, including but not limited to, snow removal and common area maintenance. There is no dispute between the parties but that the Taylor's failed to pay the Associa-

tion's July 1, 1996 and January 1, 1997 assessments. Thereafter, the Association, through its counsel, Palmieri & Palmieri, P.C. ("Palmieri"), sought to collect the unpaid assessments. As a result of Palmieri's efforts, plaintiffs have filed this action seeking relief under the Fair Debt Collection Practices Act ("FDCPA") found at 15 U.S.C. § 1692 *et seq.*

## I. *Homeowner Association Assessments Are "Debts" Under the FDCPA.*

■ The determination of whether homeowner association fees and/or assessments are "debts" is a matter of some dispute in the federal circuits. The FDCPA is in large measure designed to protect consumers by eliminating abusive debt collection practices by debt collectors. As defined by the FDCPA,

> The term "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family or household purposes.

15 U.S.C. § 1692a(5). The bone of contention between the parties, as well as in the conflicting reported decisions, is whether the language of the statute and the interpretations drawn therefrom require the "debt" to be based upon a "credit transaction." The only decision controlling upon this Court which entertains the definition of "debt" is *Mabe v. G.C. Services Ltd. Partnership*, 32 F.3d 86 (4th Cir.1994), wherein the Court held that child support payments "do not qualify as 'debts' under the FDCPA because they were not incurred to receive consumer goods or services." *Id.* at 88. The *Mabe* decision however does not clearly address the question of whether a debt must be based upon a "credit transaction."

Defendants rely upon *Nance v. Petty, Livingston, Dawson and Devening*, 881 F.Supp. 223 (W.D.Va.1994), and *Azar v. Hayter*, 874 F.Supp. 1314 (N.D.Fla.1995). In *Nance,* the Court found that the homeowners association's attempts to recover unpaid dues for the payment of repairs and the maintenance of a common road was considered not to be a "debt" under the FDCPA. While the Court relied upon *Mabe,* it did not consider wheth-

er the existence of a "credit transaction" was required before the FDCPA could be applicable. In *Azar,* however, the Court went a step further in ruling that because the association's assessments were not the equivalent of deferred payments on a prior debt, and because there was no evidence of a *pro tanto* exchange, the FDCPA was not applicable. Neither *Nance* nor *Azar* are binding upon this court, and as such this court is free to consider the rationale of other circuit and district court opinions. In doing so, this Court finds the reasoning of other decisions to be more compelling.

Plaintiff relies primarily upon a line of cases from the Seventh Circuit, beginning with *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.,* 111 F.3d 1322 (7th Cir.1997). The *Bass* court stated:

> Nor can we accept appellants suggestion that "transaction," a term undefined by the Act, should be read restrictively in the definition of "debt" as "credit transaction." ... The ordinary meaning of the term "transaction" is a broad reference to many types of business dealings between parties, and does not connote any specific form or payment. Had Congress wanted to limit the meaning of the term "transaction," such a change would have been easily made. Because they did not, we are simply powerless to rewrite the Act's definition of "debt" by restricting the ordinary meaning of the term "transaction" to "credit transaction."

*Id.* at 1325–26. The *Bass* court went on to examine, in great detail, the legislative history of the FDCPA. The early versions of the FDCPA included a credit extension requirement in its definition of the term "debt,"— language which was deleted from subsequent drafts. Simply put, there is no legislative guidance to suggest that the focus of the act was to apply to installment debts. In the final analysis, the *Bass* court would apply the FDCPA in any instance where there is a personal, family or household transaction creating an obligation to make future payments. Such an instance is presented in the dispute between the Taylors and defendants.

The most persuasive opinion on this issue is *Newman v. Boehm, Pearlstein & Bright,*

*Ltd.,* 119 F.3d 477 (7th Cir.1997). The *Newman* court found the obligation to pay homeowner association fees to be part and parcel of the transaction regarding the purchase of the home; therefore, the assessments qualify as "obligations of a consumer to pay money arising out of a transaction." *Id.* at 481. The *Newman* court also found that the assessments, to the extent they are used to improve or maintain commonly owned areas, also qualify as benefitting each household directly, thereby having a personal, family or household purpose as required under the statute. *See also, Thies v. Law Offices of William A. Wyman,* 969 F.Supp. 604 (S.D.Cal.1997).

Whether a "credit transaction" is necessary to invoke the governance of the FDCPA in an effort by homeowner associations to collect overdue assessments has been an open question in the District of Maryland. As such, I find the reasoning and analysis of the Seventh Circuit to be most instructive. Accordingly, I rule that a "credit transaction" is not required for a financial obligation to be considered a "debt" under the FDCPA.

## II. Defendant Palmieri Can Be Liable Under The FDCPA For Its Collection Practices.

 Since homeowner association fees can be considered "debts" under the FDCPA, collection efforts by Palmieri, can also be covered by the statute. *Scott v. Jones,* 964 F.2d 314 (4th Cir.1992). Palmieri is subject to the penalties under the FDCPA as a "debt collector" if the principal purpose of its practice is to collect debts, or if it does so on a regular basis.

> The term "debt collector" means any person who uses any instrumentality of interstate commerce of the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6). At this stage of the proceedings, plaintiffs have not had ample opportunity to determine the nature of Palmieri's practice. Accordingly, defendants' Motion to Dismiss is DENIED to allow an opportunity for adequate discovery.

## III. Plaintiffs' Allegation Sufficiently Asserts A Claim Against The Association.

 Having overcome the Motion to Dismiss on the basis that the collection of homeowner association fees is covered by the FDCPA, plaintiffs have also adequately alleged a breach of a duty of good faith and fair dealing by the Association. This claim is a derivative one, asserting that if the association knew, should have known, and/or sanctioned Palmieri's collection tactics and if such tactics were contrary to law, then the association has breached its duties to plaintiffs. Given the procedural posture of these claims, and in the absence of discovery, the Court must deny Defendants' Motions on this basis. Accordingly, Defendants' Motions are DENIED.