**Anthony RAFFAELE, Plaintiff,**

**v.**

**Christine MARRAMA, Jacqueline Marrama and Thomas Moran, Jr., Defendants.**

**CIV. A. No. 00–40217–NMG.**

United States District Court, D. Massachusetts.

Sept. 20, 2001.

Anthony Raffaele, Leominster, MA, pro se.

Christine L. Marrama, Fitchburg, MA, pro se.

Jacqueline A. Marrama, Fitchburg, MA, pro se.

## MEMORANDUM & ORDER

GORTON, District Judge.

Plaintiff Anthony Raffaele ("Raffaele") brought this action against defendants Christine Marrama, Jacqueline Marrama and Thomas Moran ("Moran") alleging claims under 42 U.S.C. § 1983 and M.G.L. c. 12, §§ 11H and I for violating his civil rights, 42 U.S.C. § 1985 for conspiracy to violate his civil rights and 15 U.S.C. § 1692 for violations of the Fair Debt Collection Practices Act ("FDCPA"). He also alleges state law claims for malicious prosecution and abuse of process and seeks $500,000 in damages.

Raffaele has previously sued Christine Marrama and Moran under 42 U.S.C.

§ 1983 for other violations of his civil rights. According to the complaint, those cases are currently "within" the First Circuit Court of Appeals.

Currently pending before this Court are the unopposed motions to dismiss filed by defendants Christine Marrama and Jacqueline Marrama (Docket Nos. 10 and 13, respectively).

### III. Background

■ Raffaele's complaint is extremely vague and difficult to understand. However, he is proceeding *pro se* and, as such, this Court is required to construe his pleadings liberally. *See Ahmed v. Rosenblatt,* 118 F.3d 886, 890 (1st Cir.1997), *cert. denied, Ahmed v. Greenwood,* 522 U.S. 1148, 118 S.Ct. 1165, 140 L.Ed.2d 176 (1998). However, *pro se* status does not insulate a party from complying with procedural and substantive law. *Id.*

From the complaint and the answers filed by the defendants, it appears that on May 24, 2000, all parties were present at a court proceeding in Fitchburg, Massachusetts wherein Christine Marrama attempted to collect child support from Raffaele for the support of their son, Nicholas Marrama. Raffaele apparently owes $70 per week in child support, $50 of which is a court-ordered support payment and $20 of which is an installment payment on a past-due amount.

Jacqueline Marrama asserts that she was present at that proceeding to provide moral support to Christine Marrama. Moran was present in his capacity as Christine Marrama's attorney. The result of the proceeding is unclear. Raffaele alleges that it terminated in his favor but that is disputed by Moran.

Both Christine Marrama and Jacqueline Marrama have filed counterclaims against Raffaele for deprivation of their civil rights, malicious prosecution, mental abuse and stress. Christine Marrama also alleges counterclaims of harassment and asserts counterclaims of mental abuse and stress on behalf of her minor son, Nicholas Marrama. Jacqueline Marrama alleges additional counterclaims of slander and defamation of character. Each defendant seeks an award of costs and legal fees associated with this lawsuit.

### IV. Discussion

#### A. Standard of Review

A motion to dismiss will be granted only if the plaintiff would be unable to recover under any set of facts. *Gonzalez–Bernal v. United States,* 907 F.2d 246, 248 (1st Cir.1990). In ruling on such a motion, this Court is obliged to accept all the fact alleged in the Complaint as true and draw reasonable inferences in favor of the non-moving party. *Feinstein v. Resolution Trust Corp.,* 942 F.2d 34, 37 (1st Cir.1991).

Both Christine Marrama and Jacqueline Marrama have filed motions to dismiss for lack of subject matter jurisdiction and because Raffaele's complaint fails to state a claim on which relief could be granted.

#### B. Analysis

##### 1. Alleged Civil Rights Violations

Construing Raffaele's claims liberally, the essence of his 42 U.S.C. § 1983 and M.G.L. c. 12, § 11H and I claims is that Christine Marrama violated his civil rights by commencing proceedings against him in state court to enforce a child support order and that Jacqueline Marrama violated his civil rights by attending a hearing in that case without a witness subpoena.

■ Section 1983 provides a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution" against every person who

acts "under color of any statute, regulation, custom, or usage of any state...." 42 U.S.C. § 1983. The "color of law" provision requires that "the conduct allegedly causing the deprivation of a federal right be fairly attributable to the State". *Lugar v. Edmondson Oil Co., Inc.,* 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982). In other words, the alleged violation must constitute state action.

Raffaele appears to argue that Christine Marrama acted under color of law by attempting to collect money "on behalf of the Commonwealth of Massachusetts Department of Child Support Enforcement Bureau". It is clear that Christine Marrama is not a state actor, did not act in concert with a state official, nor was her conduct chargeable to the state. *See Gonzalez–Morales v. Hernandez–Arencibia,* 221 F.3d 45, 49 (1st Cir.2000). Christine Marrama's actions were taken solely to enforce state law rights to child support. Enforcing rights under state law does not make a party a state actor. Additionally, Raffaele does not allege that any of the state procedures used by Christine Marrama were constitutionally defective, thereby allowing him to classify her as a private party seeking to invoke state power. *See id.* Therefore, because Christine Marrama is not a state actor, and because Raffaele does not even allege that Jacqueline Marrama is a state actor, his § 1983 claims against them will be dismissed.

■ To establish a claim of conspiracy to violate civil rights, Raffaele

must show that the defendants: (1) engaged in a conspiracy; (2) acted for the purpose of depriving...[him] of equal protection of the laws or equal privileges and immunities; and (3) acted in furtherance of the conspiracy; (4) whereby...[he] was injured with respect to his person or property, or was deprived

of a right or privilege of a citizen of the United States.

*Mass v. McClenahan,* 893 F.Supp. 225, 231 (S.D.N.Y.1995). In order to state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege a conspiracy "motivated by a racial or otherwise class-based invidiously discriminatory animus". *Canney v. City of Chelsea,* 925 F.Supp. 58, 68 (D.Mass.1996). In other words, the actions challenged by Raffaele must be motivated by a discriminatory intent. Raffaele has failed to satisfy this criteria by alleging the existence of a conspiracy that would meet the requirements of 42 U.S.C. § 1985 or show that the actions of either Christine Marrama or Jacqueline Marrama were motivated by discriminatory intent based on his race or class-status. For this reasons, his § 1985 claims against Christine Marrama and Jacqueline Marrama will be dismissed.

**2. Alleged Violations of the Fair Debt Collection Practices Act**

■ Raffaele's claims under the FDCPA fails because the obligation to pay child support is not a "debt" under the statute. Such an obligation is not incurred in exchange for consumer goods or services, but instead was imposed by the state to force Raffaele to fulfill his parental duty to support his child. *Mabe v. G.C. Services Ltd. Partnership,* 32 F.3d 86, 88 (4th Cir.1994). Therefore, his claims against Christine Marrama and Jacqueline Marrama for violations of the FDCPA will be dismissed.

**3. Alleged Violations of State Law**

Because the federal claims asserted by Raffaele against Christine Marrama and Jacqueline Marrama will be dismissed, this Court does not have jurisdiction over his remaining state law claims against those two defendants. This Court declines to exercise pendant jurisdiction over such

claims and therefore, they will be dismissed.

### 4. Costs

The counterclaims filed by Christine Marrama and Jacqueline Marrama include requests for this Court to impose costs on Raffaele. Fed.R.Civ.P. 11 authorizes a court to impose sanctions on a party that files pleadings which are presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation, or if the legal contentions are frivolous. Fed.R.Civ.P. 11(b)(1) and (2). Rule 11 sanctions have, in fact, been imposed in cases similar to this one. *See Danvers v. Danvers*, 959 F.2d 601 (6th Cir.1992)(court imposes costs against a husband who filed frivolous claims against his wife for an alleged conspiracy to deprive him of constitutional rights in state court child custody proceedings).

Although Raffaele's claims are baseless, Christine Marrama and Jacqueline Marrama have not satisfied the procedural requirements necessary for the issuance of sanctions. Rule 11 requires that such a motion "shall be made separately from other motions". Fed.R.Civ.P. 11(c)(1)(A). When a motion for sanctions is included in a defendant's motion to dismiss, the court is compelled to deny the motion for noncompliance with Rule 11. *See Hoydal v. Prime Opportunities, Inc.*, 856 F.Supp. 327, 329 (E.D.Mich.1994). In this case, the requests for costs were included in the defendants' counterclaims and fail to comply with the rule. Furthermore, neither defendant has specified sufficient factual justification of harm in her petition to warrant the imposition of sanctions. Both requests for costs will, therefore, be denied.

### ORDER

For the foregoing reasons, the Motions to Dismiss filed by Christine Marrama and Jacqueline Marrama (Docket Nos. 10 and 13, respectively) are **ALLOWED** without costs. Because the counterclaims asserted by those defendants are based entirely on state law, this Court declines to exercise jurisdiction thereon and they are **DISMISSED**. Because Raffaele's claims asserted against Moran are equally frivolous, those claims are also **DISMISSED**, *sua sponte*. The Deputy Clerk is hereby directed to **DISMISS** the case.

**So ordered.**