**Garet H. DANVERS, on his own behalf, and on behalf of Patrick H. Danvers, Plaintiff–Appellant,**

v.

**Kathy Higgins DANVERS, Defendant–Appellee.**

No. 91–3004.

United States Court of Appeals, Sixth Circuit.

Submitted Oct. 3, 1991.

Decided March 17, 1992.

Rehearing and Rehearing En Banc Denied May 5, 1992.

**602**

Garet H. Danvers, pro se.

James K. Clower, Cleveland, Ohio, for defendant-appellee.

Before JONES and NELSON, Circuit Judges, and JOINER, Senior District Judge.[*]

PER CURIAM.

The parties to this lawsuit were a married couple and are the parents of one son, Patrick. The plaintiff-appellant, Garet Danvers ("Plaintiff"), charges the district court with error in granting the motion of defendant-appellee, Kathy Danvers ("Defendant"), to impose sanctions against him under Federal Rule of Civil Procedure 11 or, alternatively, in granting Defendant's motion for the full amount of her attorney fees in this matter. For the following reasons, we affirm the district court's decision to grant Defendant's motion for sanctions but remand the case for the district court to reduce its award consistent with this opinion.

I

On December 30, 1988, Defendant, having instituted an action for a divorce from Plaintiff, sought and obtained a temporary protective order against him, for the protection of herself and their son, based on allegations of domestic violence. There ensued lengthy proceedings in the Domestic Relations Court of Cuyahoga County, Ohio as the parties attempted to work out the terms of a divorce and arrangements for custody of Patrick.

Since that suit began, Plaintiff's contact with his son has been limited by the order of the Domestic Relations Court. For the first six months, Plaintiff was allowed only brief, supervised visits with his son. He alleges that Defendant almost completely prevented his visiting with Patrick during that period by refusing to approve, except on one occasion, the people who were offered as supervisors and by cancelling visitation appointments repeatedly. He also claims that the visitation limitations were imposed pending investigation of the allegation of domestic violence, and that after

---

[*] Honorable Charles W. Joiner, United States District Court for the Eastern District of Michigan, sitting by designation.

it was revealed that the allegation was unfounded, he obtained a new, more flexible visitation schedule. Brief for Appellant at 7. The latter claim is disputed by Defendant, who alleges that the claim of domestic violence was disposed of by a negotiated agreement to not have the court make a finding on that issue, and that the six-month supervision period was imposed only for custody/visitation evaluation. Brief for Appellee at 7–8. Plaintiff further alleges that, even after the court instituted a visitation schedule, Defendant hindered his paternal visits, by moving from Cleveland Heights to Canton, Ohio, and that on occasion, when Plaintiff would drive the sixty miles to Canton, he would find that Defendant and Patrick were not at home.

Finally, Plaintiff alleges that the Domestic Relations Court judge refused to rule on his various motions for relief. Brief for Appellant at 9. Defendant disputes this allegation as well, claiming instead that Plaintiff agreed in the case of each motion to negotiate an Agreed Judgment Entry on the underlying issue or to allow the court to postpone consideration of the motions until it rendered its final decision. Brief for Appellee at 9–10.

On April 13, 1990, while a final decision on the divorce was still pending, Plaintiff filed this action pro se in United States District Court, seeking compensatory and punitive damages for himself and Patrick in the amount of $1,535,000 under 42 U.S.C. § 1985(2) (1988). His complaint alleged a conspiracy between the defendant and the judge and other employees of the Domestic Relations Court and of Family Conciliation Services, the connected agency which evaluated Plaintiff for custody/visitation purposes. This conspiracy, he alleged, deprived him of his constitutional right to a parental relationship with his son. The district court sua sponte dismissed the complaint on May 16, 1990, "for failure to state a claim upon which relief could be granted and for lack of subject matter jurisdiction over a domestic relations dispute." J.A. at 195. The court then granted Plaintiff's motion to amend his complaint. Plaintiff's amended complaint asserted that his claim arose instead under 42 U.S.C. § 1983 (1988). The district court found, however, that the amendment did not save the complaint from the aforementioned deficiencies and dismissed Plaintiff's amended complaint on May 30, 1990. On June 28, 1990, Plaintiff filed a motion for leave to submit a memorandum in support of jurisdiction, which the court construed as a motion for reconsideration of its most recent order to dismiss. The court granted the motion to reconsider but, upon reconsideration, upheld its previous order.

On June 15, 1990, Defendant moved for sanctions under Federal Rule of Civil Procedure 11 against Plaintiff, who responded by filing the same motion against Defendant on June 28, 1990. On December 4, 1990, after reviewing all briefs and replies, the court held in favor of Defendant, granting her motion for sanctions against her ex-husband, and denying his. The district court found that Plaintiff had not demonstrated that any factual evidence supported his allegation of conspiracy between the defendant and the state—such that she acted "under color of state law"—and that his action had been brought for the improper purposes of harassing Defendant and pressuring the Domestic Relations Court judge. The court awarded Defendant sanctions in the amount of her attorney fees, or $8,180. This appeal followed.

## II

The appeal raises three issues. Defendant asks us to decide whether this Court has jurisdiction to review this appeal. Plaintiff questions whether the district court properly awarded sanctions to Defendant under Rule 11, and whether the amount of sanctions awarded—the entire amount of Defendant's attorney fees—was proper.

### A

█ The initial question we must address is whether this Court has jurisdiction to review this appeal. *See Donlin v. Watkins,* 814 F.2d 273, 276 (6th Cir.1987); *Jackson v. Tennessee Valley Authority,* 595 F.2d 1120, 1120 (6th Cir.1979). Defen-

dant argues that Plaintiff's appeal is not timely, in that the district court's final order dismissing Plaintiff's claim was entered on July 19, 1990, and Plaintiff's notice of appeal was not filed until December 18, 1990. Federal Rule of Appellate Procedure 4(a)(1) requires parties to file any appeals within thirty days after the date of entry of the order appealed from; failure to meet this requirement deprives this Court of jurisdiction over an appeal. *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 203, 108 S.Ct. 1717, 1722, 100 L.Ed.2d 178 (1988); *Beard v. Carrollton R.R.*, 893 F.2d 117, 120 (6th Cir.1989).

■ This issue can be quickly disposed of, as it is based on a mischaracterization of plaintiff's case. Defendant characterizes Plaintiff's appeal as appealing the dismissal of his § 1983 action, rather than the imposition of sanctions. While Plaintiff's phrasing of the issues makes such confusion understandable, we conclude that Plaintiff in fact appeals the imposition of Rule 11 sanctions. His appeal was filed on December 18, 1990; the order imposing sanctions was entered on December 4, 1990. Thus, the appeal was clearly filed within the 30–day period allowed by Rule 4 and is, therefore, timely. Fed.R.App.Pro. 4.

B

Second, we consider the district court's award of sanctions to Defendant. We review such awards under an abuse of discretion standard. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 110 S.Ct. 2447, 2460, 110 L.Ed.2d 359 (1990); *Baxter v. C.A. Muer Corp.*, 941 F.2d 451, 456 (6th Cir. 1991).

Federal Rule of Civil Procedure 11 states that a party who signs a pleading avers that it is

well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

Any party who signs a pleading in violation of this rule can be ordered by the court to pay the other party's reasonable expenses in defending the action. The district court's memorandum opinion suggests two grounds for finding such a sanction warranted in this case.

■ First, the court found that Plaintiff at no time offered "any factual information that would suggest in any manner the existence of a conspiracy between the defendant and the judges and other employees of the Domestic Relations [Court]." J.A. at 202. As Rule 11 requires that a signer maintain that his action is "well grounded in fact," this finding constitutes one basis for imposing such sanctions.

Second, the district court found that Plaintiff had brought the federal action for two improper purposes: (1) to put pressure on the judge presiding over the divorce/custody case in Domestic Relations Court; and (2) to harass Defendant and increase her litigation costs unnecessarily. The district court based this finding in part on a letter sent by Plaintiff to the Domestic Relations judge, which threatened him and his staff with exhaustive discovery. The court's finding that Plaintiff filed the federal action to harass Defendant is further supported by the fact that even cursory research would have revealed, as the district court pointed out, that "domestic relations claims are traditionally entrusted to state courts for resolution." J.A. at 136 (citing *Denman v. Leedy*, 479 F.2d 1097, 1098 (6th Cir.1973)).

While both parties argue at length over the correctness of the district court's decision to dismiss plaintiff's § 1983 action, we find it unnecessary to reach that issue in light of the facts of this case. Clearly, it would be possible for Plaintiff to file an action that could be properly dismissed for failure to state a claim, which nonetheless would not warrant the imposition of sanctions. In many cases a reviewing court might need to evaluate the district court's decision on the basis which the parties suggest here. Those are not the circumstances of this action, however. The dis-

trict court below relied on the absence of a factual foundation for the claim and on the Plaintiff's desire to harass, rather than the absence of a legal foundation. The court plainly had grounds for imposing sanctions on Plaintiff; to do so was not an abuse of its discretion.

## C

Finally, we are asked to consider whether the amount of sanctions the district court imposed is proper. Although not cited by either of the parties, the controlling law of this Circuit is stated in *Jackson v. Law Firm*, 875 F.2d 1224, 1229–30 (6th Cir.1989). *Jackson* sets out the factors to be considered when making an award of sanctions under Rule 11. The first and most important factor is deterrence. *Id.* at 1229. Second, the sanctions are meant to compensate the party receiving the award for expenses incurred in litigating the improperly filed suit and the sanctions motion. These two factors must be balanced, however. Because deterrence is the primary goal, the *minimum* necessary to deter the sanctioned party is the proper award, even if this amount does not fully compensate the moving party. *Id.* The third factor is mitigation. The moving party must mitigate its expenses by not expending useless effort on frivolous actions. That party "must act[ ] promptly and avoid[ ] any unnecessary expenses in responding to papers that violate the rule." *Id.* at 1230. Finally, there must be a consideration of the sanctioned party's ability to pay. The idea is not to bankrupt an attorney—or, as here, a pro se litigant— but to deter him from repeating the conduct prohibited by Rule 11. *Id.*

The district court in this case awarded Defendant her entire attorney fees. The court clearly recognized that awarding sanctions does not necessitate awarding the full amount of the moving party's expenses. It explicitly stated, "[T]his case presents a situation where Rule 11 should be used to transfer the cost of attorney fees in their totality." J.A. at 203. The court found this case distinguishable from typical Rule 11 cases in that

Defendant could have appropriately been awarded full attorney fees under § 1988 or 28 U.S.C. § 1927 as the prevailing party in civil rights litigation had she sought them. This rationale, it seems, compelled the district court to weigh compensation heavily in Defendant's favor. Likewise, the sanction seems reasonably certain to deter Plaintiff from future misdeeds of this sort without bankrupting him.

The mitigation factor, however, favors Plaintiff's argument that awarding Defendant's full attorney fees was excessive. Again, *Jackson* requires that the moving party not expend useless effort on frivolous actions. *Jackson*, 875 F.2d at 1230. As Plaintiff points out in his brief, Defendant's attorney spent several hours at $100/hour researching and preparing for discovery on an action she claimed was without merit on its face. Brief for Appellant at 22. Moreover, she did not move for dismissal of the action; rather, the district court took that action *sua sponte.* The *Jackson* court said "[i]t is an abuse of discretion to award all fees claimed when a party has expended a great deal of time and effort defending patently frivolous claims that could have been dismissed on motion or request for a pretrial conference at an early stage in the proceedings." *Jackson*, 875 F.2d at 1230; *see Oliveri v. Thompson*, 803 F.2d 1265, 1280 (2d Cir. 1986), *cert. denied*, 480 U.S. 918, 107 S.Ct. 1373, 94 L.Ed.2d 689 (1987). Although Defendant points out that the district court had instructed the parties not to postpone discovery or other trial preparation for any court decisions on motions, this fails to explain why Defendant did not even file a motion to dismiss, given her position on the merits of Plaintiff's case.

We conclude, therefore, that the district court abused its discretion in awarding the *full* amount of Defendant's attorney fees. We remand the case to the district court for it to make the necessary findings and to decrease the sanctions award to remove the charges for time spent in preparation for trial. The district court should not, however, subtract any of the expenses incurred by Defendant in making and sup-

porting her motion for sanctions, particularly the expenses Defendant incurred in defending against Plaintiff's questionable motion for sanctions against her.

## III

Accordingly, we AFFIRM the district court's decision to award sanctions. We REVERSE, however, as to the amount awarded, and REMAND to the district court for findings and a reduction in the award in accordance with this opinion.