1 F.3d 1240
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Garet H. DANVERS, on his own behalf, and on behalf of
Patrick H. Danvers, Plaintiff-Appellant,
v.
Kathy Higgins DANVERS, Defendant-Appellee.
 No. 92-4015.
 United States Court of Appeals, Sixth Circuit.
 July 29, 1993.
 
 Before NELSON and SUHRHEINRICH, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant, Garet H. Danvers, individually, and on behalf of his son, Patrick H. Danvers, brings the present appeal charging the district court erred by imposing sanctions against him for violations of FED.R.CIV.P. 11 in contravention of this court's previous remand order.
 
 
 2
 This instant case arose out of a divorce action between plaintiff and defendant, Kathy Higgins Danvers. Plaintiff, while his divorce was pending, filed a pro se action in the United States District Court for the Northern District of Ohio, Eastern Division, alleging a violation of his civil rights pursuant to 42 U.S.C. Sec. 1985(2) and seeking approximately one and a half million dollars. Plaintiff contended he was the victim of a conspiracy between defendant and the Cuyahoga County Domestic Relations Court, and that said conspiracy deprived him of his right to a parental relationship with his son. Plaintiff's complaint was dismissed for failure to state a claim upon which relief could be granted. The district court, however, granted plaintiff permission to amend his claim. He amended his complaint, adding a claim that his civil rights were violated pursuant to 42 U.S.C. Sec. 1983. Plaintiff's complaint was, nevertheless, again dismissed for failure to state a claim upon which relief could be granted.
 
 
 3
 Defendant then filed a motion requesting the district court to impose sanctions pursuant to FED.R.CIV.P. 11, claiming that plaintiff had filed a frivolous lawsuit. Plaintiff responded by filing a FED.R.CIV.P. 11 motion against defendant. The district court granted defendant's motion, while denying plaintiff's, and ordered Mr. Danvers to pay defendant $8,180.00 in damages. Plaintiff appealed to this court.
 
 
 4
 This court affirmed the district court's finding that plaintiff had filed a frivolous complaint, but remanded the case with instructions to reduce the award by the amount of charges related to defendant's preparation for trial of plaintiff's obviously frivolous claim. Danvers v. Danvers, 959 F.2d 601 (6th Cir.1992) (Per Curiam). Upon remand, the district court deducted that portion of its original award that was spent preparing for a trial on the frivolous claim and awarded defendant $5540.00 based on 55.4 hours justifiably spent on the case, at a rate of $100.00 per hour.
 
 
 5
 Plaintiff filed a motion for reconsideration, which was denied by the district court. Plaintiff now brings this timely appeal.
 
 I.
 
 6
 Plaintiff, pro se, contends the district court failed to follow this court's mandate on remand. Plaintiff argues that the district court did not exclude all costs that were unreasonable or unnecessary. Plaintiff asserts that since the case he filed was so obviously frivolous, it was improper for defendant to have spent so much time preparing for a trial on the merits. Plaintiff further asserts this court held exactly that when the case was remanded for a re-computation of fees, however, the district court failed to exclude all non-necessary fees.
 
 
 7
 As this court originally identified, the controlling case law in this circuit is Jackson v. Law Firm, 875 F.2d 1224, 1229-30 (6th Cir.1989). Under Jackson, there are four factors to be considered when making an award pursuant to FED.R.CIV.P. 11. The first factor is the court's interest in deterring the filing of frivolous claims. The second factor is the compensation of the aggrieved party's expenses. Third, however, the court must consider whether the aggrieved party mitigated expenses. The fourth and final factor to be considered is the sanctioned party's ability to pay.
 
 
 8
 This court previously relied on the third factor, the aggrieved party's duty of mitigation, in reaching its decision to remand the case back to the district court. This court noted that defendant never filed a motion to dismiss plaintiff's complaint. Rather, the district court dismissed the suit sua sponte. Hence, this court determined defendant had not fully mitigated her expenses in preparing for the obviously frivolous law suit. Accordingly, this court ordered the district court to reduce its award "for time spent in preparation for trial." This court also instructed the district court not to "subtract any of the expenses incurred by Defendant in making or supporting her motion for sanctions...."
 
 
 9
 In the case at bar, this court will again review the district court's award of sanctions under an abuse of discretion standard. Danvers, supra,citing Cooter & Gell v. Hartmax Corp., 110 S.Ct. 2447, 2460 (1990). Upon remand from this court, the district court reviewed each charge and reduced the attorney hours for time and services which had been submitted by defense counsel by 26.4 hours. A listing of each charge and the amount of time by which it was reduced is provided in the district court's memorandum. Comparing these charges with the original submission of defense counsel's expenses, it appears the district court did, in fact, reduce defendant's award to the point that defendant was compensated for only those expenses reasonably incurred in the initial law suit and the FED.R.CIV.P. 11 sanctions. Accordingly, it cannot be said the district court abused its discretion, upon remand, in fashioning the appropriate FED.R.CIV.P. 11 sanctions.
 
 II.
 
 10
 The Order of the District Court imposing FED.R.CIV.P. 11 sanctions against plaintiff in the amount of $5,540.00 is hereby AFFIRMED.