45 F.3d 426
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Marie M. McMAHON, Plaintiff-Appellant,
v.
F & M BANK-WINCHESTER, formerly known as Farmers and
Merchants National Bank; Raynor V. Snead; Wilbur M.
Feltner; Robert E. Lee; Michael L. Bryan; William M.
Mote; William E. Shmidheiser, III; Charles G. Aschmann,
Jr.; Michael L. Foreman, Clerk, Circuit Court; Donald H.
Kent; John H. Johnston; Kevin L. Locklin; Donald L.
Bowman; David H. Savasten; Richard L. Douglas; Patrick L.
Henry, III; Clarence E. Martin, III; Daniel T. Booth;
William M. Kidd; Albert Bryan, Jr.; Doris Casey, Clerk,
U.S. District Court; Richard L. Williams, Defendants-Appellees.
 No. 93-2392.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 19, 1994.
Decided Dec. 30, 1994.
 
 Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg. James H. Michael, Jr., District Judge. (CA-92-43-H)
 Marie M. McMahon, Appellant Pro Se.
 Gregory E. Lucyk, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, VA; Michael Leo Bryan, Winchester, VA; George W. Johnston, III, KUYKENDALL, JOHNSTON, COLEMAN & KUYKENDALL, P.C., Winchester, VA; Mark Dudley Obenshain, WHARTON, ALDHIZER & WEAVER, Harrisonburg, VA; Charles G. Aschmann, Jr., ASCHMANN & ASCHMANN, Alexandria, VA; J. Ross Newell, III, TIMBERLAKE, SMITH, THOMAS & MOSES, P.C., Staunton, VA; John H. Johnston, SLENKER, BRANDT, JENNINGS & JOHNSTON, Merrifield, VA; Kevin L. Locklin, Manassas, VA; Donald L. Bowman, Leesburg, VA; David H. Savasten, Berkeley Springs, WV; Joan L. Casale, BOWLES, RICE, MCDAVID, GRAFF & LOVE, Martinsburg, WV; Paul Benedict Weiss, MARTIN & SEIBERT, Martinsburg, WV; John Francis Corcoran, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, VA, for Appellees.
 W.D.Va.
 AFFIRMED.
 Before ERVIN, Chief Judge, NIEMEYER, Circuit Judge, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Marie M. McMahon appeals the district court's order accepting the magistrate judge's recommendation to impose sanctions in the form of a prefiling injunction and attorney's fees. Finding that the sanctions were appropriate in light of McMahon's vexatious conduct over nine years and her obsession to seek any avenue to litigate issues previously resolved, we affirm.
 
 
 2
 * McMahon, a pro se litigant, filed a 42 U.S.C. Sec. 1983 (1988) action against twenty-two Defendants, arguing with conclusory allegations that the Defendants conspired to deny her a jury trial and to deny her equal protection of the law. McMahon had previously litigated the same issues against many of the Defendants in state and federal courts. Accordingly, the district court dismissed the action, and we affirmed. McMahon v. F & M Corp., No. 93-1485 (4th Cir. Nov. 4, 1993) (unpublished).
 
 
 3
 After the Defendants moved for sanctions in the form of attorney's fees, costs, and a prefiling injunction, the magistrate judge informed McMahon of her need to respond. Although given notice and an opportunity, McMahon did not challenge the reasonableness of the fees requested in the Defendants' affidavits. In addition, she failed to demonstrate why a prefiling injunction was unwarranted. Instead, McMahon asserted, in conclusory fashion, that the Defendants violated her constitutional rights. Again, the magistrate judge notified McMahon of her need to challenge the reasonableness of the requested fees. After McMahon failed to respond, the magistrate judge found that McMahon had "engaged in litigation that is frivolous, unnecessary, vexatious, and oppressive to all defendant[s]...." Noting that McMahon had failed to challenge the reasonableness of the fees, the magistrate judge recommended imposing a prefiling injunction and, pursuant to Fed.R.Civ.P. 11, awarding attorney's fees in the amount of $42,378.77.
 
 
 4
 McMahon objected to the magistrate judge's report and recommendation; however, once again, she defended the merits of her underlying case, challenged the court's jurisdiction, and failed to object to the amount of fees assessed against her. Accordingly, the district court accepted the magistrate judge's report and recommendation. McMahon appeals, alleging that the district court's order is void for want of jurisdiction; she does not allege that the awarded fees were excessive.
 
 II
 
 5
 The prefiling injunction entered by the district court bars McMahon from filing any civil action in any federal court without leave of court. Furthermore, the injunction requires that McMahon certify in her application for leave to file that the claim(s) she wishes to raise have never been "raised or disposed of on the merits by any state or federal court." Finally, McMahon is absolutely prohibited from filing any action that is related to the facts or parties in this case.
 
 
 6
 Federal courts have the power and the obligation to protect themselves from abusive filing of frivolous and repetitive claims. Procup v. Strickland, 792 F.2d 1069, 1070-71 (11th Cir.1986) (en banc). Therefore, litigants "can be severely restricted" in access to the courts, but they "cannot be completely foreclosed from any access to the court." Id. at 1074 (original emphasis). We review the imposition of such an injunction for an abuse of discretion. Id.
 
 
 7
 Under the circumstances presented, we find no abuse of discretion in the imposition or scope of the injunction. The record shows that McMahon has engaged in vexatious conduct in state and federal courts for nine years concerning the same litigation. Her legal theory of recovery has been repeatedly rejected. Moreover, she has caused needless expense on opposing parties and has unduly burdened the district court.* Finally, given McMahon's single-minded quest, we are convinced that any other sanction would not be adequate in this instance. Accordingly, the injunction was properly entered. See Safir v. United States Lines, Inc., 792 F.2d 19, 24 (2d Cir.1986), cert. denied, 479 U.S. 1099 (1987). Moreover, McMahon is not wholly denied access to the courts. Thus, the district court properly curbed McMahon's abusive conduct.
 
 III
 
 8
 Pursuant to Fed.R.Civ.P. 11, the district court imposed sanctions in the amount of $42,378. Reviewing the imposition of Rule 11 sanctions for an abuse of discretion, Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 400-01 (1990); Stevens v. Lawyers Mut. Liability Ins. Co., 789 F.2d 1056, 1060 (4th Cir.1986), we find that the sanctions were warranted.
 
 
 9
 Rule 11 requires that pleadings be well grounded in fact, well grounded in law, and not interposed for an improper purpose. Introcaso v. Cunningham, 857 F.2d 965, 970 (4th Cir.1988). Although McMahon was convinced of the validity of her legal views, her notions were not grounded in law. McMahon had been previously informed of this on numerous occasions in state court and in federal court. Instead of heeding these warnings, McMahon instituted this action, alleging that every court decision contrary to her views was void. Accordingly, the district court did not err in concluding that the case was vexatious and in finding that sanctions were warranted.
 
 
 10
 Without determining whether McMahon waived appellate review, we find that the district court's award of $42,378 in attorney's fees against McMahon, a pro se litigant, was not plain error.
 
 
 11
 Although the district court imposed large monetary sanctions against this pro se litigant without considering her ability to pay, this action was necessary to deter McMahon from filing additional complaints. In this instance, while the motions for these large monetary sanctions were pending, McMahon specifically stated that she would "seek other avenues, if necessary." Moreover, McMahon never has questioned the excessiveness of the fees; instead, she has persistently insisted that she was correct and that all court orders to the contrary were void. In light of McMahon's vexatious conduct over nine years and the repeated warning by various courts that persistence with this meritless litigation could result in sanctions, we find that the large monetary sanctions in the amount of $42,378 were not excessive. See Danvers v. Danvers, 959 F.2d 601, 605 (6th Cir.1992).
 
 
 12
 Because the district court properly imposed the prefiling injunction and appropriately sanctioned McMahon, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 The district court and the magistrate judge showed commendable patience in dealing with McMahon throughout the litigation