69 F.3d 537
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert L. STEVENS and Richard Todd, Plaintiffs-Appellants,
v.
John G. MOONEY, Esq. and John G. Mooney, P.C., jointly and
severally, Defendants-Appellees.
 No. 95-1431.
 United States Court of Appeals, Sixth Circuit.
 Oct. 24, 1995.
 
 Before: BROWN, BOGGS and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 These pro se Michigan litigants appeal a district court judgment dismissing their civil rights action filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary damages, Robert Stevens and Richard Todd sued their former attorney, John G. Mooney, and his law firm, John G. Mooney, P.C. The plaintiffs claimed that the defendants: 1) committed legal malpractice; 2) perpetrated a fraud on them; 3) conspired to coerce them into entering a consent judgment; 4) perpetrated a fraud on them; 3) conspired to coerce them into entering a consent judgment; 4) committed conversion; and 5) intentionally inflicted emotional distress on them.
 
 
 3
 The district court dismissed the action because the court lacked subject matter jurisdiction to consider the plaintiffs' claims. In their timely appeal, Stevens and Todd reassert their claims against Mooney and his law firm.
 
 
 4
 Upon de novo review, see Greater Detroit Resource Recovery Auth. v. EPA, 916 F.2d 317, 319 (6th Cir.1990), we conclude that the district court properly dismissed the action for lack of subject matter jurisdiction. The plaintiffs have not alleged any facts giving rise to federal question jurisdiction under 28 U.S.C. Sec. 1331, and the parties are all from the State of Michigan, hence diversity jurisdiction does not exist under 28 U.S.C. Sec. 1332.
 
 
 5
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit, for the reasons set forth in the district court's order dated March 22, 1995.