81 F.3d 161
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert L. STEVENS; Richard Todd, Plaintiffs-Appellants,
v.
John G. MOONEY; John G. Mooney, P.C., Defendants-Appellees.
 No. 95-1757.
 United States Court of Appeals, Sixth Circuit.
 March 20, 1996.
 
 Before: JONES, BOGGS and COLE, Circuit Judges.
 
 ORDER
 
 1
 These pro se Michigan litigants appeal a district court order assessing sanctions against them pursuant to Fed.R.Civ.P. 11. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary damages, Robert Stevens and Richard Todd sued their former attorney, John G. Mooney, and his law firm, John G. Mooney, P.C. The plaintiffs claimed that the defendants: 1) committed legal malpractice; 2) perpetrated a fraud on them; 3) conspired to coerce them into entering a consent judgment; 4) committed conversion; and 5) intentionally inflicted emotional distress on them. The district court dismissed the action because it did not have subject matter jurisdiction to consider the plaintiff's claims. Plaintiffs appealed and a panel of this court affirmed the district court's judgment. Stevens v. Mooney, et al., No. 95-1431, 1995 WL 626290 (6th Cir. Oct. 24, 1995).
 
 
 3
 Defendants moved for sanctions pursuant to Fed.R.Civ.P. 11. Upon review of the defendants' motion for sanctions, plaintiffs' response, defendants' supplemental brief in support of the motion for sanctions, and plaintiffs' answer to the court's Order to Show Cause, the district court granted defendants' motion for sanctions, in part, in the amount of $518.50. Plaintiffs appeal that judgment.
 
 
 4
 In their timely appeal, the plaintiffs argue the merits of their underlying claims in the case which the district court dismissed for lack of subject matter jurisdiction.
 
 
 5
 Fed.R.Civ.P. 11, as amended December 1, 1993, provides district courts with discretion to impose sanctions for violations of the Rule. See Fed.R.Civ.P. 11(c). Thus, the court reviews a district court's decision to impose sanctions under an abuse of discretion standard. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990), Bodenhamer Bldg. Corp. v. Architectural Research Corp., 989 F.2d 213, 217 (6th Cir.1993) (Bodenhamer II ).
 
 
 6
 Upon review, we conclude that the district court did not abuse its discretion in awarding defendants' motion for sanctions. By arguing the merits of their underlying case, the plaintiffs essentially contend that the district court improperly imposed sanctions on them. Rule 11 permits a district court to impose sanctions on an attorney or party who has filed and signed a pleading, motion, or paper in the district court, if the court concludes it was filed for any improper purpose and had no basis in law or fact. Fed.R.Civ.P. 11(b); accord Business Guides, Inc. v. Chromatic Communications Enters., Inc., 498 U.S. 533, 541-46 (1991). Pro se litigants must comply with Rule 11 and make a reasonable inquiry as to whether a complaint is well-grounded in fact and warranted by existing law. See Fed.R.Civ.P. 11(b); accord Danvers v. Danvers, 959 F.2d 601, 604-05 (6th Cir.1992). A reasonable inquiry would have clearly revealed that plaintiffs' complaint was not well grounded.
 
 
 7
 Accordingly, the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit, for the reasons set forth in the court's order filed June 20, 1995.