91 F.3d 144
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
TELECHRON, INC., Plaintiff-Appellant,
v.
INTERGRAPH CORPORATION, Defendant-Appellee.
 No. 95-1039.
 United States Court of Appeals, Sixth Circuit.
 July 2, 1996.
 
 Before: JONES, BOGGS, and BATCHELDER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Telechron, Inc., appeals from the assessment of sanctions, arguing that the district court abused its discretion by failing to take account of Telechron's ability to pay the sanctions and by imposing the sanctions on Telechron rather than its former counsel. Finding no abuse of discretion, we AFFIRM the holding of the district court.
 
 I. FACTS
 
 2
 This case arises from an alleged breach of a contract between Intergraph Corporation, a computer manufacturer, and Telechron, a software developer. The two companies entered into an agreement whereby Intergraph loaned computer equipment to Telechron in order for Telechron to adapt its software to Intergraph's systems. The adaptation of the software never occurred and Intergraph terminated the agreement and requested a return of the equipment. Telechron refused to permit removal of the equipment and filed this suit against Intergraph alleging breach of contract and various business torts.
 
 
 3
 The litigation conduct by Telechron is marked by a long history of noncompliance with discovery requests and court orders, stormy attorney-client relationships, and significant delay. Telechron's president, Jerry Carter, has experienced tremendous difficulty in working with counsel. The magistrate judge noted Carter's "inability ... to keep any relationship with" counsel as well as extended delay "precipitated by [Carter's] constitutional inability to cooperate with any counsel." Not surprisingly, counsel appearing before us was the fourth set to represent Telechron in this case. The record indicates that despite the efforts of Telechron's various counsel, Telechron has refused to comply with nearly fifty separate discovery requests, including Carter's deposition appearance and numerous document requests. Telechron's lack of compliance in the discovery process and its multiple changes of counsel have necessitated repeated court intervention. However, despite numerous intercessions by the court, the delays and evasions in Telechron's participation in discovery never abated. When Telechron has responded, there has been a nearly complete lack of substance in the answers; the common theme of the responses consists of either a vague and inconsistent excuse or an objection.
 
 
 4
 As a result of Telechron's dilatory conduct and the delay caused by changes of Telechron's counsel, the case has not progressed and Intergraph has incurred significant--and needless--expense. Upon Intergraph's motion to dismiss pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute or to comply with rules and orders of the court, the district court thoroughly examined Telechron's history in the case. The district court found that Telechron had acted in bad faith and that its discovery abuses, coupled with its history of dilatory conduct and misrepresentations to court and counsel, rose to the level of contumacious conduct. Noting that it had ample grounds to do so, the court nonetheless chose not to dismiss the case at that time, but stated that it would dismiss the case unless Telechron paid Intergraph's reasonable fees and costs incurred as a result of Telechron's refusals to comply with discovery requests and of the delays created by its changes of counsel. The district court found Telechron's inability to pay the fees and costs irrelevant and ordered Telechron to pay $35,699.13. Telechron failed to pay and the case was dismissed with prejudice.
 
 II. ANALYSIS
 
 5
 It is within the district court's discretion to choose appropriate sanctions based upon a party's conduct during litigation, such as when a party fails to comply with procedural rules and court orders. Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991); United States v. One 1987 BMW 325, 985 F.2d 655, 657 (1st Cir.1993); In re Ruben, 825 F.2d 977, 983 (6th Cir.1987), cert. denied, 485 U.S. 934 (1988). We review the district court's determination of the appropriateness and level of sanctions for an abuse of discretion. NASCO, 501 U.S. at 50. "An appellate court must step softly in such precincts, taking pains not simply to substitute its judgment for that of the district court and intervening only if it is persuaded that the district court overspilled fairly wide discretionary bounds." One 1987 BMW 325, 985 F.2d at 657 (citing National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 642 (1976) (other citations omitted)).
 
 
 6
 Telechron argues that the district court abused its discretion by failing to consider Telechron's ability to pay and by imposing the sanctions solely upon Telechron and not upon Telechron's former counsel. We consider each of these arguments in turn.
 
 A. Inability to Pay
 
 7
 Although the district court specifically stated that it was imposing sanctions pursuant to its inherent power, Telechron relies solely upon cases requiring an ability-to-pay analysis for sanctions imposed pursuant to Federal Rule of Civil Procedure 11. See Danvers v. Danvers, 959 F.2d 601, 605 (6th Cir.1992). Although imposing sanctions pursuant to inherent power and Rule 11 are analogous, courts are not bound by the strictures of Rule 11 case law when exercising their inherent powers. Chambers v. NASCO, Inc., 501 U.S. 32, 46-47 (1991). We have not heretofore required an inquiry into a party's ability to pay when the court exercises its inherent powers and on the facts of this case, we decline to do so. The district court did not abuse its discretion by not considering Telechron's ability to pay the sanctions.
 
 
 8
 B. Imposing Sanctions Solely Against Telechron
 
 
 9
 Telechron contends that since "[s]anctions must be ... levied upon the person responsible for the violation," White v. General Motors Corp., 908 F.2d 675, 685 (10th Cir.1990), and since the violations in this case "seem peculiarly the province of lawyers," id. at 686, the district court abused its discretion by imposing sanctions solely upon Telechron rather than upon its former counsel. This contention is without merit.
 
 
 10
 The record is fraught with support for the district court's determination that Telechron, and not its attorneys, was responsible for the abuse of the discovery process and delay. At Telechron's insistence, much of the information supporting the district court's determination was revealed during an in camera phase of the hearing below in order not to compromise confidential information and therefore the direct information is not present in the record. However, Telechron presents no evidence which would create a reason to doubt the finding that "Mr. Carter has refused to follow [his own] counsel's advice, has not cooperated with [his own] counsel's legitimate requests for information necessary to respond to discovery or pending motions, and has persisted in pressing positions that counsel have investigated but find unsupported."
 
 
 11
 The district court found that several letters from Telechron's counsel to Telechron explaining the necessity of responding to long-outstanding discovery demands and advising Telechron of its duties and the consequences of its failure to cooperate, were "appropriate, professional, and consistent with the requirements of law. By contrast, the positions expressed in Mr. Carter's various letters were not."
 
 
 12
 In light of this support, we find no abuse of discretion in imposing sanctions against Telechron rather than its former counsel.
 
 III. CONCLUSION
 
 13
 For the foregoing reasons, we AFFIRM the decision of the district court.