Lobin KASSAB, Plaintiffs,

v.

AETNA INDUSTRIES, INC., a Delaware corporation; United Automobile Workers of America; United Automobile, Aerospace and Agricultural Implement Workers of America, Local 155, Defendants.

No. CIV. 99–75239.

United States District Court,
E.D. Michigan,
Southern Division.

May 15, 2003.

Frank G. Becker, Frank G. Becker & Associates, Southfield, MI, for plaintiff.

Francis J. Newton, Jr., Robert Morgan, Detroit, MI, for defendant.

## MEMORANDUM OPINION AND ORDER

ANNA DIGGS TAYLOR, Chief Judge.

### I.

This motion for sanctions arises out of Plaintiff Kassab's ("Kassab") request that another oral argument be scheduled after his attorney's failure to appear for the first scheduled oral argument on Defendants' Motions for Summary Judgment. This court had, at the first hearing, granted Defendants' Motions for Summary Judgment. Later, it assessed sanctions for requesting a second hearing against Kassab's attorney, Frank Becker ("Becker"), pursuant to Rule 11 of the Federal Rules of Civil Procedure. Fed.R.Civ.P. 11 (*here-*

*inafter* Rule 11). The Sixth Circuit then remanded this court's Order granting sanctions for a fuller explanation of their amount. On Monday, April 7, 2003, this court heard oral arguments on Defendant Aetna Industries' ("Aetna") Renewed Motion for Sanctions. For the reasons explained below, the court VACATES its original order of March 22, 2001, in part, concerning the sanctions amount, and hereby reduces the amount of sanctions imposed.

## II.

Kassab filed suit against his former employer, Aetna; his local union, the United Automobile, Aerospace and Agricultural Implement Workers of America, Local 155; and his international union, the United Automobile Workers of America (collectively referred to *hereinafter* as the "UAW Defendants"), alleging national origin discrimination in violation of 42 U.S.C. §§ 1981 and 2000e, breach of employment contract and breach of the duty of fair representation. Although notified by the court, as with all motion hearings, neither Kassab nor Becker attended oral arguments on Aetna's and the UAW Defendant's Motions for Summary Judgment. This court then entered its Order dismissing the national origin discrimination claim for want of a right-to-sue letter from the Equal Employment Opportunity Commission and construed the remaining claims as a hybrid § 301/duty-of-representation claim. The court also dismissed the hybrid claim because Kassab had failed to exhaust the internal union appeals process.

Finally, this court determined that dismissal of the fair representation claim against the UAW Defendants precluded relief against Aetna on that claim as well.

After failing to attend oral argument, Becker filed a Motion for Reconsideration, objecting to the entry of the summary judgment Orders and requesting the court to reschedule oral argument on Aetna's and the UAW Defendants' Motions for Summary Judgment. It was this Motion to Reschedule Oral Argument, after this court had already dismissed Kassab's claims, that prompted Aetna's Motion for Sanctions. After Becker refused to withdraw the Motion to Reschedule Oral Argument as requested by Aetna within the twenty-one (21) day period which Rule 11 requires, Aetna filed its Motion for Sanctions with this court.[1] When Aetna filed its Motion for Sanctions, the court entered its Order denying both Kassab's Motion for Oral Argument and Kassab's Objection to entry of the Orders granting Aetna's and the UAW Defendants' Motions for Summary Judgment.

This court then heard oral arguments, granted Aetna's Motion for Rule 11 Sanctions and ordered Aetna's counsel to submit an affidavit of attorney fees to the court and opposing counsel within five (5) days. It also ordered Becker to file any objections to the affidavit within seven (7) days after receipt. As a basis for the amount requested, Aetna's counsel provided an affidavit from its counsel, Francis Newton, and a copy of its billing records with the chargeable time subject to sanctions highlighted.[2] Becker did not file any

---

**1.** Fed.R.Civ.P. 11(c)(1)(A), in relevant part, reads:

A motion for sanctions ... shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention,

allegation, or denial is not withdrawn or appropriately corrected.

**2.** The highlighted billing summary was submitted to the court's chambers but was not filed with the District Court Clerk, and thus, was not part of the official court record reviewed by the Sixth Circuit on appeal. On remand, Aetna's counsel could not locate its file copy of the highlighted billing summary,

objection to the affidavit. On March 22, 2001, this court originally awarded $6,040.50 in sanctions against Becker. Becker satisfied this Judgment on August 15, 2001.

The Sixth Circuit held that this court had abused its discretion by failing to specify, either on the record or in its written Order, the court's basis for the sanctions amount assessed. *Kassab v. Aetna Indus., Inc., et al.,* 54 Fed.Appx. 819, 827–28 (6th Cir.2002).[3] The Sixth Circuit has remanded for a fuller explanation of the sanctions amount awarded. On remand, Aetna has requested $6,763.00 in sanctions. This memorandum constitutes the court's findings of fact and law solely concerning the amount of Rule 11 sanctions.

### III.

#### A. Limited Remand

■ The mandate rule dictates that, upon remand, a district court must proceed in accordance with the mandate given on appeal, implementing both the letter and spirit of the mandate and taking into account the appellate court's opinion and the circumstances that opinion embraces. *Allard Enter. v. Advanced Programming Res.,* 249 F.3d 564, 570 (6th Cir.2001). Given the Sixth Circuit's specific instruction that the purpose of the remand is to obtain a more thorough explanation of the sanctions amount, the court considers this to be a limited remand. *Id.,* (quoting *U.S. v. Campbell,* 168 F.3d 263, 265 (6th Cir.1999)(explaining the difference between limited and general remands and stating that limited remands explicitly outline the issues to be addressed by the district court)).

■ Despite Becker's failure to object to the Order granting sanctions, the type and amount of sanctions are solely within this court's discretion. *Orlett v. Cincinnati Microwave, Inc.,* 954 F.2d 414, 419 (6th Cir.1992)(citing *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990))("The district court's determination of the appropriateness and level of Rule 11 sanctions is reviewed for abuse of discretion"). In order to provide a fuller explanation of the sanctions amount, the exacting review required upon remand and the nature of the Sixth Circuit's limited remand necessitate that this court re-examine the amount of sanctions originally requested and awarded. *See, Bodenhamer Bldg. Corp. v. Architectural Research Corp.,* 989 F.2d 213, 217 (6th Cir.1993) (citations omitted)("when granting Rule 11 attorney fees on remand, the district court must review such costs with exacting scrutiny").

#### B. Amount of Sanctions

##### 1. Purpose of Rule 11

At oral argument held upon remand, Becker stated that he still did not understand why the Motion for Reconsideration, as well as the original suit he filed on Kassab's behalf, were untenable, and that Aetna's demand of counsel fees of approximately $6,000.00 were ridiculous. Becker asserted that Aetna's counsel had initially stated that the actual fees billed would certainly be much less than that amount. In response, Aetna's counsel contended

---

as originally presented to the court. The court, however, had retained its copy of the highlighted billing summary that Aetna's counsel had submitted.

**3.** Fed.R.Civ.P. 11(c)(3), in relevant part, reads:

When imposing sanctions, the court shall describe the conduct determined to constitute a violation of this rule and explain the basis for the sanction imposed.

that Becker had waived any right to object to the amount of sanctions awarded because he failed to file any objections. As discussed in Part III.A. of this Opinion, supra, the court will review the sanctions awarded in order to comply with the Sixth Circuit's instructions to provide a fuller explanation of the sanctions amount.

The principal goal of Rule 11 sanctions is deterrence, with compensation to the party forced to litigate an improperly filed claim being a secondary aim. *Orlett v. Cincinnati Microwave, Inc.*, 954 F.2d 414, 419 (6th Cir.1992); *see also Danvers v. Danvers*, 959 F.2d 601, 605 (6th Cir.1992). A claim for a party's total costs requires an investigation into the reasonableness of those costs. *Orlett*, 954 F.2d at 419; *see also, Bodenhamer*, 989 F.2d at 217 ("the amount of the sanction must be reasonable"); *Danvers*, 959 F.2d at 605 ("because deterrence is the primary goal, the *minimum* necessary to deter the sanctioned party is the proper award, even if this amount does not fully compensate the moving party")(emphasis in original). Before awarding a party's total costs and fees as sanctions, the district court should consider the offending party's ability to pay, want of diligence, and the amount necessary and effective to bring about deterrence. *Id.* Another factor to consider is mitigation. *Danvers*, 959 F.2d at 605. "The moving party must mitigate its expenses by not expending useless effort on frivolous actions. That party must act to avoid any unnecessary expenses in responding to papers that violate the rule." *Id.* Further, compensable fees under Rule 11 should be limited to those incurred as a result of the offensive pleading; a blanket award of all fees incurred during litigation is not authorized under Rule 11. *See, Bodenhamer*, 989 F.2d at 217. A moderate reduction in claims hours is appropriate where counsel's billing records indicate substantial duplication of effort or inefficiency. *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)("Cases may be overstaffed and the skill and experience of lawyers vary widely. Counsel ... should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary"). Another district court has advised that:

A fee applicant cannot demand a high hourly rate—which is based upon his or her experience, reputation, and a presumed familiarity with the applicable law—and then run up an inordinate amount of time researching the same law. Double dipping, in any form, cannot be condoned. *Knop v. Johnson*, 712 F.Supp. 571, 578 (W.D.Mich.1989)(quoting *Ursic v. Bethlehem Mines*, 719 F.2d 670, 677 (3d Cir.1983)).

Aetna's counsel included Francis Newton ("Newton") and Robert Morgan ("Morgan"), both of whom are shareholders in their law firm, each with more than 28 years of experience, and Janet Ziulkowski ("Ziulkowski"), a third (3d) year associate. Newton's and Morgan's billing rate was $200.00 per hour in December 2000, and $210.00 per hour beginning in January 2001. Ziulkowski billed at a rate of $125.00 per hour. These billing rates are reasonable in this geographic area for counsels' varying levels of expertise. However, Newton billed Aetna $63 on January 5, 2001, for reviewing the file to determine the due date for Becker to withdraw the motion and calling the UAW to determine the status of its order of dismissal. This task did not require Newton's expertise and could have been delegated to Ziulkowski, an associate with a much lower billing rate. Morgan spent nearly twelve (12) hours, amounting to $2,520, drafting the reply brief. To put this in perspective, Ziulkowski billed a total of sixteen (16) hours drafting the five (5) page Motion for Sanctions, including time to make revisions and to draft a letter

to Becker, only (4) hours more than her colleague with twenty-five years more experience, Morgan, spent on a brief of equal length.

 The Sixth Circuit agrees with this court that sanctions were warranted. *Kassab v. Aetna Indus., Inc., et al.*, 54 Fed.Appx. 819, 826–27 (6th Cir.2002). Nevertheless, as the party entitled to sanctions, Aetna is not automatically entitled to a blanket award of all fees requested, but rather only to those that are reasonable and necessary to deter similar offensive conduct in the future, even if that amount does not fully reflect the fees Aetna incurred to defend this meritless action. *See, Orlett,* 954 F.2d at 419; *Bodenhamer,* 989 F.2d at 217; *Danvers,* 959 F.2d at 605. Further, while Rule 11 provides this court with authority to grant attorney fees incurred in presenting the Motion for Sanctions, the sanctions should primarily reflect fees incurred as a result of the offensive pleading. *Id.*[4] In this case, only $120.00 of the more than $6,000.00 requested and awarded, reflected work on the Motion to Reschedule Oral Argument, the offensive pleading at issue. Although the court finds that Aetna attempted to mitigate its expenses by promptly filing the Motion for Sanctions in lieu of litigating the Motion to Reschedule Oral Argument, the court can no longer agree that Aetna's counsel's $6,040.50 expenditure was reasonable.

The court finds that it is unreasonable for Morgan to charge his client a higher billing rate for his expertise as a veteran attorney with over 28 years of experience, but to subsequently take nearly twelve (12) hours to draft a five (5) page reply brief. *Knop,* 712 F.Supp. at 578. A moderate reduction in the fees requested for sanctions is therefore reasonable, particularly because Morgan stated to the court, on the record, that the fees incurred were certainly much less than $6,000.00. *Hensley,* 461 U.S. at 434, 103 S.Ct. 1933. The court, therefore, exercises its discretion to reduce the sanctions awarded by twenty percent (20%). A more significant reduction is not warranted given Becker's want of diligence in researching the law applicable to duty of fair representation claims. His ability to pay has been evidenced by his timely satisfaction of the award made against him. His continued insistence that the lawsuit and the Motion for Rescheduling Oral Argument that he filed had merit are disturbing, however, and his latest assertions that he should have been allowed to pursue this litigation on Kassab's behalf, indicate that he is likely to file similar motions in the future if not subject to firm, but reasonable, sanctions at this time.

2. Increased Amount of Sanctions Requested Upon Remand

 The court will not grant the higher sanction award of $6,763.00 requested for the first time on remand in Aetna's Reply Brief to its Renewed Motion for Sanctions. Aetna provides no explanation for how it arrived at the new $6,763.00 figure. Aetna's current submission of its billing records highlights $785.50 in fees that were not highlighted or explained in the affidavit and billing records submitted with the first Motion.[5] Aetna submitted

---

**4.** *See also* Fed.R.Civ.P. 11(c)(1)(A) which reads, in relevant part:
 If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion.

**5.** These additional fees are detailed in the chart below:

| Date Billed | Amount Charged | Description | Concern |
| --- | --- | --- | --- |

its affidavit and billing summaries on February 28, 2001, the same day that $368.00 of the newly requested fees were billed. Aetna could have included that amount in its original sanctions request, if appropriate.

The court must reiterate that the purpose of Rule 11 is not to grant blanket awards of all fees incurred, but rather to deter similar conduct in the future. *See, Orlett,* 954 F.2d at 419; *Bodenhamer,* 989 F.2d at 217; *Danvers,* 959 F.2d at 605. The initial sanctions awarded by the court were excessive. To grant additional sanctions at this point, simply because Aetna neglected to request them initially, would convert Rule 11 into a fee-shifting mechanism, thereby frustrating the purpose of the rule, which is to grant only those sanctions necessary to deter future violations.

### IV.

Now, therefore,

IT IS ORDERED that this court's Order of March 22, 2001, granting Aetna's Motion for Sanctions in the amount of $6,040.50, is hereby VACATED, in part, only as to the amount of sanctions granted.

IT IS FURTHER ORDERED that the sanctions awarded in this court's Order of March 22, 2001 are reduced by twenty percent (20%).

IT IS FURTHER ORDERED that Becker is liable to Aetna for Rule 11 sanctions in the amount of $4,832.40.

IT IS FURTHER ORDERED that Aetna reimburse Becker in the amount of $1,208.10, because Becker satisfied the March 22, 2001 Order awarding sanctions on August 15, 2001.

**IT IS SO ORDERED.**

| Date | Amount | Description | Note |
|---|---|---|---|
| 1/05/01 | $ 63.00 | Review file. | Highlighted in original, but not second submission. This amount explains why Aetna is not requesting $6,826.00. |
| 1/22/01 | $105.00 | Review Order denying Reconsideration Motion. | Not highlighted in original billing summary submitted. |
| 2/07/01 | $312.50 | Review Kassab's Response. | Not highlighted in original billing summary submitted. |
| 2/28/01 | $200.00 | Prepare Expenses Summary. | Not included in original billing summary submitted. |
| 2/28/01 | $168.00 | Review sanctions award and Order. Draft Affidavit concerning costs. | Not included in original billing summary submitted. |
| TOTAL: | $785.50 | | |